## LADNIER v. STATE

No. 43753 January 24, 1966 182 So. 2d 389

*Albert Sidney Johnston, III,* Pascagoula, for appellant.

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

SMITH, J.

The appellant, Johnny Elwood Ladnier, was indicted in Smith County for the crime of burglary. He was arraigned upon that charge and entered a plea of not guilty. Upon his trial, he was convicted of the crime of attempted burglary, and for that offense was sentenced to serve a term of four years in the penitentiary.

This appeal is from the judgment of conviction entered by the Circuit Court of Smith County.

Several grounds have been assigned for reversal.

It is first contended that the evidence of appellant's guilt was not sufficient to present a question for the determination of the jury and that his motion for a directed verdict of not guilty should have been sustained.

The evidence against appellant was circumstantial and was given by a confessed accomplice. There was no eye-witness identification of appellant as a participant in the actual attempt to burglarize the store. Nevertheless, we are unable to say that the testimony of the accomplice, although in many respects unsatis-

factory, is so entirely unbelievable that the jury might not be warranted in accepting it. After a careful review and consideration of the whole record, we have concluded that the evidence for the prosecution was sufficient to go to the jury upon the question of appellant's guilt or innocence.

Appellant next cites Smith v. State, 251 Miss. 241, 169 So. 2d 451 (1964), in support of an assignment that it was prejudicial error for the trial court to allow the sheriff to assist the district attorney in selecting the jury, and also permit him to provide the deputy or bailiff to have charge of it.

▪ ■■ ■ It is insisted that, since Mississippi Code Annotated section 4240 (1956) provides that the sheriff shall be the executive officer of the court and "attend all the sessions thereof with a sufficient number of deputies or bailiffs, . . ." it must be assumed that the jury was in charge of a deputy or bailiff selected and employed by the sheriff who had participated with the district attorney in the selection of the jury on behalf of the prosecution. We would not be warranted in making the suggested assumption. The facts relating to this assignment are not sufficiently developed in the record to permit its determination upon this appeal.

However, the case must be reversed upon other grounds and remanded for a new trial.

During the course of appellant's testimony before the jury as a witness in his own behalf, the court reprimanded him severely and repeatedly for demeanor apparently considered to be a breach of decorum. This action upon the part of the court has been assigned as error.

■■ ■ It is essential, of course, that the trial court maintain good order and suppress unseemly conduct, and impose appropriate punishment upon those who may be guilty of it, where required by the circumstances.

The position and prestige of the court and consequent effect upon the jury of the court's attitude toward the defendant in a criminal trial, demand that the power to reprimand and discipline, particularly when applied to the defendant himself, be exercised with circumspection.

When an incident occurs during the course of a trial which the court considers to warrant a reprimand or the disciplining of a defendant, by far the better practice is to retire the jury before anything is said or done toward that end.

As we have said, proof of the defendant's guilt in this case was circumstantial and rested upon the testimony of a confessed accomplice. The question is close as to the sufficiency of the evidence to withstand appellant's motion for a directed verdict of not guilty.

It would serve no useful purpose to detail the court's remarks addressed to the defendant. We think it sufficient to say that the court's palpable disapprobation of the defendant was so marked and severe that it could not have failed to make an impression upon the jury. This was a burden that the appellant should not have been called upon to bear. It was error for the court to excoriate the defendant in the presence of the jury. Pearson v. State, 254 Miss. 275, 179 So. 2d 792 (1965); Collins v. State, 99 Miss. 47, 54 So. 665 (1911).

Nor was it necessary to show that appellant was prejudiced by this incident. It is conclusively presumed that he was. Collins v. State, supra.

During the course of the trial, the district attorney was permitted, over the objection of the appellant, to adduce testimony from appellant's alleged accomplice, testifying as a witness for the state, that appellant previously had participated in a similar crime for which he had been indicted. When it developed that appellant had been tried but not convicted, the district attorney was allowed to go into the question of whether appel-

lant's former trial had resulted in an acquittal or merely in a mistrial. Appellant had not been convicted in the former case, it appearing that the jury had been unable to agree.

In Floyd v. State, 166 Miss. 15, 35, 148 So. 226, 230 (1933), the Court said:

The general rule is that the issue on a criminal trial shall be single, and that the testimony must be confined to the issue, and that on the trial of a person for one offense the prosecution cannot aid the proof against him by showing that he committed other offenses.

To the same effect, see Brown v. State, 224 Miss. 498, 80 So. 2d 761 (1955) and Pegram v. State, 223 Miss. 294, 78 So. 2d 153 (1955).

 █ It was error to admit testimony relating to a previous crime alleged to have been committed by appellant, or to his trial for that crime, or to the fact that he had been indicted but had not been acquitted.

The judgment of conviction is reversed and the case is remanded for a new trial.

Reversed and remanded for a new trial.

*Ethridge, C. J., and Rodgers, Brady and Robertson, JJ.,* concur.