257 So.2d 853 (1972)
Gary R. SUMRALL
v.
STATE of Mississippi.
No. 46620.
Supreme Court of Mississippi.
January 24, 1972.
E.R. Alley, Lampkin Butts, Laurel, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Gary Sumrall, in conjunction with two others, was indicted by the Grand Jury of Jones County for the sale and delivery of marijuana to a minor. He was granted a severance and after trial he was convicted by a jury and sentenced to serve a term of two years in the State Penitentiary. From this conviction and sentence he appeals. We reverse and remand.
Since this case must be reversed and remanded for another trial, we will only detail that part of the evidence necessary for this opinion. The evidence on behalf of the state, taken in its strongest light, together with all the reasonable inferences that can be drawn therefrom, is sufficient to show that on March 2, 1971, appellant was an accessory before the fact in that he aided, abetted, and encouraged one Jack Dozier in the sale of a quantity of marijuana to Randy Mozingo, a person under twenty-one years of age. However, the state, over the objection of the appellant, was allowed to show by the witness Mozingo that on the next day after the alleged sale appellant came to Mozingo's apartment and brought with him a quantity of marijuana. Mozingo was also allowed to testify that he rolled some cigarettes from the marijuana he had bought the night before, appellant rolled some cigarettes from the marijuana he brought with him, and that they, along with others, went into the living *854 room and smoked the marijuana. The state also attempted to prove by this witness that he had procured marijuana from appellant on another occasion some months prior to the alleged offense charged. The court finally sustained appellant's objection to this testimony and instructed the jury to disregard it, but refused to grant a mistrial.
One of the assignments of error is that the admission of the foregoing evidence of another and separate offense for which appellant was not on trial was reversible error. We are of the opinion that it was error for the trial court to allow the state to show the appellant had marijuana in his possession the next day after the alleged sale. It is contended by the appellant that the admission of this evidence was highly prejudicial and served no other useful purpose than to prejudice the jury against the defendant. It is a well-settled general rule that the issue on a criminal trial should be single and that the testimony should be confined to that issue and on the trial for one offense the prosecution should not be allowed to aid the proof against the defendant by showing he committed other offenses, even though of a like nature. Cummings v. State, 219 So.2d 673 (Miss. 1969); Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966); Brown v. State, 224 Miss. 498, 80 So.2d 761 (1955); Pegram v. State, 223 Miss. 294, 78 So.2d 153 (1955); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933).
There are well recognized exceptions to the foregoing rule which have been given due consideration, but it is our opinion that the evidence relative to the possession of marijuana by the defendant on the day after the alleged sale does not come within any of the exceptions. The alleged sale had been completed and the only connection the appellant was shown to have had with the sale was that he aided, abetted, and assisted in the sale. Under these circumstances, the fact that he had marijuana in his possession at another time served no purpose other than to prejudice the jury. The introduction of this evidence requires a reversal of this case.
Appellant objected to the granting of instructions number one and two for the state. These instructions, among other things, told the jury that if it believed beyond a reasonable doubt that the defendant did sell or deliver marijuana, then they should find him guilty as charged. Appellant was charged with the sale of marijuana, but these instructions authorized the jury to find him guilty if they found that he delivered the marijuana. Delivery is only one of the elements of a sale and standing alone does not constitute a sale. Upon a retrial of this case, these instructions should not be granted in the form given.
There are numerous other errors assigned for the reversal of this case, however, they are either without merit or not likely to recur on another trial of this case. However, it should be pointed out that the district attorney in the trial of this case attempted to inject into the trial other matters which had nothing to do with the issue being tried. Although the court sustained the objections to these matters, on a retrial of the case the prosecuting attorney should refrain from doing or saying anything that would tend to cause the jury to find the defendant guilty due to matters other than evidence relative to the crime.
For the reasons stated, this case is reversed and remanded for another trial.
Reversed and remanded.
RODGERS, P.J., and JONES, BRADY and SUGG, JJ., concur.