306 So.2d 302 (1975)
Brown DIXON
v.
STATE of Mississippi.
No. 48194.
Supreme Court of Mississippi.
January 20, 1975.
*303 Clayton Taylor Lewis, Clayton Lewis, Philadelphia, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson for appellee.
Before GILLESPIE, C.J., and INZER and BROOM, JJ.
GILLESPIE, Chief Justice:
Indicted for manslaughter, and tried in the Circuit Court of Neshoba County, defendant was convicted and sentenced to twenty years' imprisonment.
The evidence was sufficient to establish beyond a reasonable doubt that defendant feloniously administered a severe beating to the deceased, Roger Fulton, Jr., about the face and head and sometime later assisted in taking Fulton to the hospital, where he died from cerebral hemorrhage resulting from fracture of the skull and facial bones.
The defendant assigns as error the failure of the trial court to declare a mistrial when the district attorney stated to the jury in the closing argument that after the jury made its decision the judge would then sentence the defendant to the penitentiary up to twenty years or have him pay "a little old fine." The district attorney should not attempt to tell the jury what punishment the judge could impose if the defendant was found guilty. However, we hold that the error was not of sufficient gravity to justify a reversal of the case. In Ellerbe v. State, 79 Miss. 10, 30 So. 57 (1901), the Court reversed because the State's instruction advised the jury only of the lesser punishment for manslaughter when appellant was being tried for murder. The Court reversed in that case because the instruction was considered an invitation to the jury to compromise on the lesser offense. In the present case both the maximum and the minimum punishment were mentioned. In view of the entire record, we hold that the statement of the district attorney with reference to the punishment is not reversible error and that the court did not err in refusing a mistrial after the objection to the statement was sustained. Cf. Biddy v. State, 277 So.2d 115 (Miss. 1973).
After deliberating for about five hours, the jury returned into open court and reported that they were hopelessly deadlocked, whereupon the court stated to the jury as follows:
I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but, if it is at all possible to reconcile your differences of opinion and decide this case, then you should do so. I'm going to send you back to deliberate further.
Defendant argues that this statement amounted to an instruction given in violation of Mississippi Code Annotated section 99-17-35 (1972), and that the statement is similar to the "Allen charge" from Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Although the "Allen charge" has been approved in some jurisdictions and rejected in others, it has been *304 criticized in many. However, we find lit-the similarity between the statement of the judge in defendant's case and the statement of the judge in Allen. The principal effect of the judge's statement was that the jury should continue their deliberation. This Court stated in Gordon v. State, 149 So.2d 475 (Miss. 1963), that:
It is within the sound discretion of the trial judge as to how long he will keep the jury in deliberation, and this discretion will not be reviewed on appeal unless there has been a clear abuse of discretion. 149 So.2d at 477.
The matter under consideration was one largely within the discretion of the trial judge and we hold that he did not abuse his discretion.
Defendant also argues that he was entitled to a peremptory instruction and relies on the rule laid down in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). The rule is so well understood that we will not restate it here. The so-called Weathersby rule does not apply to this case for the reason that (1) there is a significant conflict between the statement defendant gave the sheriff and his testimony at the trial; (2) his statement of self-defense, albeit a very weak one in his testimony, is inconsistent with the fact that he did not mention to either Mrs. Robertson or Mr. Adcock anything concerning self-defense, although they were the first persons with whom he talked after the incident; and (3) there are significant conflicts between the physical facts and the defendant's testimony. In our opinion, this is not a case for the application of the Weathersby rule.
Finding no reversible error, we affirm the conviction.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.