GILLESPIE, Chief Justice.
James Earl Cummings was convicted by the Circuit Court of Bolivar County of the crime of burglary and sentenced to a term of six years in the penitentiary.
Cummings was indicted for burglarizing the automobile of Herman E. Powell. Powell was driving his automobile when he saw Cummings hitchhiking on the side of the road. Powell stopped and picked up Cummings, and they made several stops before arriving at Cleveland, Mississippi, where they went into a beer joint and ordered a beer. During each of the pre-Cleveland stops, Powell checked his three pocketbooks which were carried separately on his person, under the arm rest of the front seat, and in his coat which was hanging on the back of the driver’s seat. While they were in the beer joint, Powell began shooting pool and subsequently noticed that Cummings had left the room. He became suspicious and went to his car which he had locked before going into the building. He found that the two pocketbooks which he had left in the automobile were missing. So was Cummings. The next morning after the police were notified of the incident, Cummings went into Jay’s Department Store and selected some merchandise and offered in payment one of Powell’s credit cards. The store clerk called the bank and learned that the credit card was stolen. By that time, Cummings had disappeared but was later arrested.
The principal argument made by defendant is that the use of a stolen credit card constitutes a separate offense; therefore, the trial court erred in admitting evidence *295 of the attempt by Cummings to use one of the credit cards. He relies upon the well established rule that the issue on a criminal trial should be single and the testimony should be confined to that issue, and on the trial of one offense the prosecution should not be allowed to show that the defendant was guilty of other offenses. Sumrall v. State, 257 So.2d 853 (Miss.1972). But there are numerous situations where this rule does not apply. 29 Am.Jur., Evidence § 321 (1966).
We are of the opinion that on trial of a burglary offense, when items have been taken in the burglary, evidence, otherwise admissible, concerning the use or attempted use of those items, is not to be excluded simply because the use or attempted use might technically constitute a separate offense. If this were not so, the prosecution would, often times, find it extremely difficult, if not impossible, to get a conviction in many cases. A simple illustration will point this out. Suppose “A” pointed, aimed, and fired a gun at “B”, resulting in “B’s” death. Of course, murder and pointing and aiming are separate offenses. On trial of “A” for murder of “B”, could it reasonably be contended that the prosecution could not introduce evidence to the effect that “A” pointed, aimed and fired the fatal shot. We think not.
This Court held as early as Harris v. State, 61 Miss. 304 (1883), that possession of goods shortly after a burglary is evidence of guilt of the burglary. This rule has been recognized in other cases, such as Phillips v. State, 20 So.2d 95 (Miss.1944).
The evidence against Cummings was circumstantial. He had an opportunity to know that valuables were in the automobile, and he had an opportunity to leave a window partly open so that he could gain entrance to the automobile. Powell missed Cummings for a period of time, became suspicious, went to his automobile, and found that his billfolds had been stolen. Evidence of the possession of the stolen property was a vital link in the proof of Cummings’ guilt. The defendant may not complain that the details of his attempted use of the credit card showed him guilty of another crime. The State had the burden of persuading the jury of the truthfulness of the clerk’s testimony that Cummings had possession of the credit card, and the details of the attempted use of the credit card had a proper place in evidence to show the trustworthiness of the clerk’s testimony. The details tended to verify the testimony of the clerk who waited on Cummings when he attempted to use the credit card.
The other questions raised are not of sufficient merit to require discussion.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.