WALKER, Justice.
The appellant, James Edward Kuhn, a nineteen year old youth, was convicted of raping a twenty-seven year old housewife and sentenced to life in the state penitentiary. From' that conviction and sentence, he prosecutes this appeal.
The appellant admits that he had sexual intercourse with the alleged victim but contends that she submitted freely and voluntarily; and, that no force or threats were used against her. The appellant testified that he and the young woman exchanged pleasantries in the parking lot of a shopping center, and he asked her if she wanted him to follow her home to which she replied in the affirmative; that he followed her home where she voluntarily got into his car and went with him to an isolated area where she willingly took off her clothes and engaged in sexual relations. He also testified that when he was driving her home she asked to be let out at a friend’s hopse rather than to be carried home.
The alleged victim testified that the appellant accosted her in her carport shortly after she arrived home from a shopping trip; that she dropped the packages she had in her arms and screamed, but was told by the appellant to “Shut up, don’t make any noise or I’ll use the knife”; and that he led and dragged her to his automobile where she screamed again. She testified, “This scared him and it made him mad and he used the knife. He chipped and he cut my chin about where the mold [sic] is.” He told her again, “If you make another noise I’ll kill you.” However, as the appellant pushed her into the car she *745 “. . . got on the horn with both arms and blew the horn just as long and as loud as I [she] could”, whereupon the appellant again put the knife to her throat. The appellant drove to a deserted gravel road and directed her to take off her clothes. He threatened, “Do you want this knife? If you’ don’t I’m going to use the knife.” They thereafter had intercourse. The victim testified that she was afraid the appellant would use the knife to kill her or to cut her if she refused. She also stated that in her hurry to get dressed, she forgot to put on her panty hose and girdle. Aft-erwards, she asked to be driven to a friend’s house (her preacher’s home). The appellant complied with this request but warned her not to tell anybody what had happened.
The victim’s account of what transpired was corroborated in every respect. Packages were found lying in the carport of the victim’s home. A neighbor testified that he heard a scream and a horn blowing. When he looked out his window, he noticed nothing unusual but saw a car crossing a nearby bridge. The victim had cut marks or scratches on her neck and chin. She also had bruises on her back. The woman’s pastor testified that on the night of the incident he responded to a beating on his front door. When he opened the door, he found the victim standing there and she appeared scared and excited. The pastor noticed that she was carrying panty hose and a girdle in her hand.
The appellant does not suggest that the verdict was against the overwhelming weight of the evidence. However, he does contend (1) that the court committed reversible error in allowing the state to- introduce evidence of the appellant’s bad character; and, (2) that the court erred in allowing the state to conduct improper closing argument over defendant’s timely objection and motion for mistrial.
I.
We have meticulously examined this record and find nothing to substantiate appellant’s assignment of error that the state was allowed to introduce evidence of defendant’s bad character. Questions in this vein were interposed, but objections thereto were either sustained or no opinion was expressed by the witness. At most, one witness testified she had heard “that he [appellant] had been into something.” However, the appellant had already testified that he had been convicted of possession of marijuana and paraphernalia. If there was error, it was. harmless error which would not be cause for reversal under Mississippi Supreme Court Rule 11.
II.
The appellant’s next assignment of error is that the court erred in allowing the state to conduct improper closing argument over defendant’s timely objection and motion for a mistrial. This contention centers upon the following statements of the prosecuting attorney:
You know a woman who is the victim of a rape, who has the courage to report it and tell what happened in order to try to do justice, gets victimized twice.

You know she’s not only the victim of a rape, but when she comes in the courtroom to tell what happened her character gets attacked. No matter how straight and upright a life you’ve lived until the time — .
So do you see why? Do you see why so few rapes are reported ?
It is unwise for a prosecuting attorney to use this type of argument in his summation to the jury as it has no relationship to the guilt or innocence of the accused. Such argument tends to arouse the passion of the jury and divert their attention from *746 the real issue to be decided. In a close case, the argument complained of could be reversible. However, under the facts of this case, we do not consider these statements to constitute reversible error.
The verdict of the jury was amply supported by the evidence. Therefore, the judgment of the lower court is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SMITH, ROBERTSON and SUGG, JJ., concur.