335 So.2d 900 (1976)
Henry FORREST
v.
STATE of Mississippi.
No. 49171.
Supreme Court of Mississippi.
August 3, 1976.
*901 Smith, O'Hare & Atkinson, Cleveland, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
SUGG, Justice, for the Court:
Henry Forrest was convicted of burglary and sentenced to serve three and one-half years in the state penitentiary by the Circuit Court of the Second Judicial District of Bolivar County. We reverse and remand for a new trial.
The issue is whether the defendant was denied a fair trial because of questions asked by the district attorney and statements made in his argument to the jury.
Incident number one occurred during the redirect examination of Officer Ivory Brown who was one of the state's witnesses. On cross-examination defendant's counsel developed that there was a strong similarity of appearance between the defendant and several of his brothers and it was difficult to distinguish one from the other:
Q. As a matter of fact, Henry Forrest has pulled this stunt before, about his brothers, hasn't he?
MR. O'HARE: I object.
COURT: I sustain the objection.
MR. O'HARE: I ask that that be stricken from the record.
COURT: The jury will disregard the last question and answer. No answer was made to the last question.
Defendant did not move for a mistrial and the court did all that was requested of it by the defendant.
Incident number two occurred during the cross-examination of George Forrest, a cousin of defendant, who was called as a witness to establish an alibi.
Q. You are one of Henry's professional witnesses, aren't you?
MR. O'HARE:  Your Honor, we object to that.
COURT: I sustain the objection.
MR. O'HARE: Its highly improper.
Q. Have you ever testified for Henry before?
A. No, I haven't.
Q. You never have testified for him before?
A. No, I haven't.
Again defendant did not move for a mistrial and the court did all that was requested of it when it sustained the objection. However, after the objection was sustained the district attorney asked the witness twice if he had testified for defendant before, thus pursuing a line of questioning that had been ruled inadmissible by the court.
Incident number three occurred during the further cross-examination of George Forrest.
Q. It is not unusual for Henry to break in a place, is it?
MR. O'HARE: Just a minute 
COURT: I sustain the objection.
MR. O'HARE: We ask for a mistrial.
COURT: Ladies and gentlemen of the jury, you will disregard the last statement, question made by the District Attorney; it has no bearing on the issue in this case.
Although the court did not specifically overrule defendant's motion for a mistrial, its action in instructing the jury to disregard the question was tantamount to overruling the motion for a mistrial.
Incident number four occurred during argument to the jury.
MR. GRAVES: I want to show you something. ladies and gentlemen, do you know what he really wants you to convict him of is malicious trespass. You *902 notice this instruction D-4. The reason that "D" is on there is because it is requested by the Defendant 
MR. O'HARE:  If the Court please, I object.
COURT: I sustain the objection; that's not proper.
MR. O'HARE: We move for a mistrial.
COURT: The motion for a mistrial is overruled.
MR. GRAVES: I can't bring out who requested it?
COURT: No, sir, you certainly cannot; that's a very strong rule in this Court, and of the Circuit Judge's Conference, you may not do so.
MR. GRAVES: All right, sir, I thought I could bring that out.
COURT: No sir, you may not under any circumstances.
After the argument had ended, the court made a valiant effort to minimize the harm by further instructing the jury.
COURT: Ladies and gentlemen of the jury, the case is now concluded. I want to clarify one thing so there won't be any misapprehension about it, and that is, the instructions I gave you are the instructions of the Court, and not the instructions of any side or the other; those are the entire instructions, you are to consider all instructions as a whole. They are the instructions of the Court; they are not the instructions of the State or the Defendant; but every one that I will submit to you, that you will take with you in the jury room, are the instructions of the Court. Please understand that.
The state argues that the questions propounded by the district attorney in the first three incidents did not constitute reversible error because (1) defendant failed to request a mistrial in the first two incidents, (2) failed to obtain a ruling on a motion for a mistrial in the third incident, (3) the court properly sustained defendant's objection in each incident and, when requested, instructed the jury to disregard the remarks, and (4) the court's admonition neutralized any prejudicial effect stemming from the questions.
We have held in numerous cases that when the court sustains objections to improper testimony or improper remarks of counsel, it is presumed, unless otherwise shown, that the jury followed the directions of the trial judge to disregard such comment on testimony. Holifield v. State, 275 So.2d 851 (Miss. 1973). We have also held that when the court sustains objections to an improper question and defendant does not request the court to instruct the jury to disregard the question and answers, no error results. Clanton v. State, 279 So.2d 599 (Miss. 1973). However, the facts of this case are distinguished from our prior decisions in that the district attorney persisted in propounding improper questions calculated to have the effect they had; namely, to infer that defendant had committed other offenses. In Sumrall v. State, 257 So.2d 853 (Miss. 1972), we stated:
It is contended by the appellant that the admission of this evidence was highly prejudicial and served no other useful purpose than to prejudice the jury against the defendant. It is a well-settled general rule that the issue on a criminal trial should be single and that the testimony should be confined to that issue and on the trial for one offense the prosecution should not be allowed to aid the proof against the defendant by showing he committed other offenses, even though of a like nature. Cummings v. State, 219 So.2d 673 (Miss. 1969); Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966); Brown v. State, 224 Miss. 498, 80 So.2d 761 (1955); Pegram v. State, 223 Miss. 294, 78 So.2d 153 (1955); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933). (257 So.2d at 854).
Sumrall is distinguished from this case in that there was testimony that Sumrall had committed other crimes, whereas in this case the questions only inferred that defendant had committed other crimes. Although this distinction is made, the rule in Sumrall is applicable because the questions *903 were persistent and were designed to implant in the minds of the jury the idea that the defendant had committed other crimes.
With respect to the argument of the district attorney, we note that we have been reluctant to reverse a criminal conviction on the ground of prejudicial remarks made by a prosecuting attorney. The general rule is that where the trial judge sustains defendant's objection to the remarks and instructs the jury to disregard the statement, the remedial acts of the court are usually sufficient to remove any taint of prejudice. Dixon v. State, 306 So.2d 302, 303 (Miss. 1975); Clemons v. State, 320 So.2d 368 (Miss. 1975); Herron v. State, 287 So.2d 759, 765-66 (Miss. 1974); Myrick v. State, 290 So.2d 259, 260-61 (Miss. 1974); Holifield v. State, 275 So.2d 851 (Miss. 1973). Cf. Mills v. State, 304 So.2d 651 (Miss. 1974). This rule, of course, assumes that the remarks were not so prejudicial that the curative acts of the court were ineffective to remove the prejudice. See Myrick v. State, supra, at 261-62.
The district attorney's remarks violated Rule 28 of the Uniform Rules of the Circuit Courts of Mississippi which provides that: "All instructions by parties shall otherwise not be identified as being given by the parties or the state."
This case does not fall within the harmless error rule. An error is harmless only when it is apparent on the face of the record that a fair minded jury could have arrived at no verdict other than that of guilty. Rule 11, Miss.Sup.Ct. Rules (1976). Kuhn v. State, 324 So.2d 744 (Miss. 1976); Dixon v. State, 306 So.2d 302 (Miss. 1975). This is not such a case because the evidence was fairly evenly divided on the issue of defendant's guilt. On such a balanced factual issue the questions of the district attorney denied defendant a fair trial because they were designed to prejudice the jury against the defendant.
The improper questions and improper argument, when considered together, were reasonably calculated to unduly influence the jury in its decision. None of these errors, when considered separately and apart from the others, is sufficient to justify reversal of the case. However, when they are considered as a whole, it is our view that they resulted in the appellant being denied a fair trial. Russell v. State, 185 Miss. 464, 189 So. 90 (1939); Nelson v. State, 129 Miss. 288, 92 So. 66 (1922).
REVERSED AND REMANDED FOR NEW TRIAL.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.