402 So.2d 338 (1981)
Carolyn Copeland SHELBY
v.
STATE of Mississippi.
No. 52691.
Supreme Court of Mississippi.
July 29, 1981.
Rehearing Denied September 2, 1981.
*339 Nora J. Hall, Roy O. Parker, Tupelo, for appellant.
Bill Allain, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice, for the Court:
Carolyn Copeland Shelby was indicted, tried and convicted in the Circuit Court of Monroe County on a charge of grand larceny and was sentenced to five (5) years with the Mississippi Department of Corrections. She has appealed and assigns three (3) errors in the trial below.
On March 12, 1979, after the close of business, a 1979 Cougar XR 7 automobile, valued in excess of $8,000, was stolen from the showroom of BJ Ford Sales in Amory, Mississippi. The vehicle was found by the police in Itawamba County several days later and it had been destroyed by fire. Appellant and Nettie Hester were indicted for the larceny by the Monroe County Grand Jury in October 1979.
Nettie Hester testified for the State that appellant promised to pay her $100 for each set of automobile keys she delivered to appellant. She talked with appellant on March 12, 1979, then went to BJ Ford Sales and requested a salesman to permit her to test drive the Cougar automobile, which was on the showroom floor. While driving the vehicle she went to Wal-Mart Discount Store, had a duplicate set of keys made, and returned the vehicle to BJ Ford Sales. Upon leaving the Ford company, she went to appellant's home, arriving there about 6:00 p.m., and gave the duplicate keys to appellant, who paid her $100. Hester said that she went back to appellant's home about 10:00 p.m. and the automobile was parked in appellant's driveway. According to her, the automobile had been taken by appellant's daughter and the daughter's boyfriend from the BJ Ford Sales.
The testimony of Nettie Hester was corroborated by the car salesman who permitted her to drive the car and by the Wal-Mart clerk who made the duplicate keys. Appellant's defense was an alibi to the effect that she was in Pensacola, Florida at 8:00 p.m. on March 12, 1979, honeymooning with a new husband, and that she had no knowledge about the theft of the automobile.
(1) Did the lower court err in declining to declare a mistrial when the prosecuting attorney elicited testimony from Nettie Hester of a separate and independent crime?
Appellant contends that the lower court committed prejudicial error in allowing the State to bring out testimony from Nettie Hester that appellant had given her marijuana for the purpose of selling same. She argues that the testimony related to a separate and distinct crime and that, upon objection thereto, the court should have sustained same and granted a mistrial.
The objectionable testimony follows:

*340 CROSS EXAMINATION BY APPELLANT'S ATTORNEY
Q. Later on that night, what time did you see her that night?
A. Around ten.
Q. And I understand from what you say that she had already paid you the hundred dollars, is that right?
A. Correct.
Q. Well, why did you come back at ten o'clock then?
A. Because I had something to give her that someone else didn't want to buy.
* * * * * *
Q. Were you taking any dope, marihuana or anything like that?
A. No, sir, I wasn't.
Q. Do you use marihuana?
A. I did.
Q. And how long had it been before you were on marihuana that particular day, did you smoke it that night, that morning?
A. No, I hadn't messed with it when I was trying to think.
Q. It makes you so that you can't think too good, right?
A. No, sir, I can think but I like to be more accurate.
Q. Well, when was it the last time you had some marihuana before you stole these car keys or had them made?
A. I don't know, a couple of days.
Q. You don't know when it was is what you are saying?
A. Not exactly, no, sir.
Q. And you had some marihuana that same day?
A. No, sir, I didn't; I had some with me but it wasn't mine.
REDIRECT EXAMINATION BY THE PROSECUTING ATTORNEY
Q. Now Mr. Parker asked you a question and you said you came back that night because you had something to give to her, would you tell the jury what that was?
A. I had some marihuana that I had got from her to sell.
BY MR. PARKER: We object to that, your Honor.
BY JUDGE WICKER: Objection sustained.
BY MR. PARKER: We ask for a mistrial.
BY MR. FUNDERBURK: Your Honor, he brought it out,  asking her. 
BY JUDGE WICKER: All right, your motion for a mistrial is overruled.
Q. The night of the 
BY JUDGE WICKER: Just a second, I might in line with that to advise the jury to disregard that particular statement insofar as the decision in this case is concerned. You may go ahead.
We are of the opinion that appellant's counsel invited the response from the prosecution and that appellant cannot now complain of prejudice from such testimony. Jefferson v. State, 386 So.2d 200 (Miss. 1980); Jones v. State, 381 So.2d 983 (Miss. 1980); and Reddix v. State, 381 So.2d 999 (Miss. 1980).
Further, the trial judge sustained appellant's objection to the testimony and instructed the jury to disregard same. Therefore, prejudicial error does not result from that testimony. Herron v. State, 287 So.2d 759 (Miss. 1974), cert. den., 417 U.S. 972, 94 S.Ct. 3179, 41 L.Ed.2d 1144.
(2) Did the lower court err in declining to grant a new trial on the ground of newly-discovered evidence?
After the verdict of the jury was returned, appellant requested a new trial on the ground that she had discovered new evidence, viz, a motel receipt, which indicated that she checked into the Birmingham Motel, in Pensacola, Florida, at 8:00 p.m. on March 12, 1979, and which corroborated her alibi testimony. She claimed that she had been unable to find the motel receipt prior to the trial because her records had been misplaced when officers searched her home shortly after the larceny.
A motion for new trial on the ground of newly-discovered evidence must *341 be supported by an affidavit of the defendant and her attorney that diligence was exercised with reference to discovery of the evidence and that the evidence was unknown to them at the time of trial. The court must be satisfied that (1) the evidence came to the defendant's knowledge since trial, (2) the evidence could not have been discovered sooner by diligence, and (3) such evidence would probably produce a different result, if a new trial were granted. Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948).
In our opinion, under the facts of this case, none of the above requisites exists. More than a year elapsed from the date of the commission of the crime until the date of trial and the record does not reflect anything about the motel receipt prior to trial. It would have been a simple matter to contact the Birmingham Motel and obtain evidence of the registration for proper production at the trial. Also, appellant, her husband, daughter and daughter's boyfriend testified as to the alibi defense and introduction of the motel receipt probably would not produce a different verdict. The lower court did not err in declining to grant a new trial on that ground.
(3) Did the lower court err in declining to grant a new trial because of prejudicial remarks by the county attorney during closing argument?
The appellant contends that the county attorney, in his closing argument, referred to an instruction granted by the court at the request of the defendant as, the "defendant's instruction." Rule 5.03, Uniform Criminal Rules of Circuit Courts of Mississippi, provides that "all instructions by parties shall not be identified by the parties or the state." Neither the state nor the defendant in argument may refer to an instruction as being requested by the other party. All instructions, even though requested by the parties, are instructions granted by the court. In Forrest v. State, 335 So.2d 900 (Miss. 1976), the judgment of conviction was reversed and the case remanded for a new trial because of improper questions and improper argument by the district attorney. However, there were cumulative errors in the Forrest case which distinguished it from the case sub judice. There the Court said:
The improper questions and improper argument, when considered together were reasonably calculated to unduly influence the jury in its decision. None of these errors, when considered separately and apart from the others, is sufficient to justify reversal of the case. However, when they are considered as a whole, it is our view that they resulted in the appellant being denied a fair trial. Russell v. State, 185 Miss. 464, 189 So. 90 (1939); Nelson v. State, 129 Miss. 288, 92 So. 66 (1922).
(335 So.2d at 903).
In the present case the court admonished the county attorney that the argument was improper and told the jury that it was the instruction of the court and not of the defendant. We are of the opinion that such action by the court cured the error and that no prejudice resulted to the appellant.
There being no reversible errors in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.