**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1999-KA-01014-SCT**

*RANDY COX AND EDDIE JAMES SHORTY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/1999 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN D. WATSON |
| | WANDA TURNER-LEE ABIOTO |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | ANN LAMAR |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/02/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/25/2001 |

**BEFORE McRAE, P.J., DIAZ AND EASLEY, JJ.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Randy Edward Cox and Eddie James Shorty were tried together and convicted of the armed robbery of a gas station. Cox was sentenced as a habitual offender to life imprisonment without the possibility of parole, and Shorty was sentenced to thirty years imprisonment without the possibility of parole. They assert numerous errors concerning admissibility of evidence, improper prosecutor's statement at closing, overwhelming weight of the evidence, mental capacity of defendant and allowing amendment to indictment for habitual offender, and incompetency of counsel and defendant, all of which lack merit. The judgment of the circuit court is, therefore, affirmed.

## FACTS

¶2. A few minutes before midnight Randy Cox entered Donnie's Deli convenience store in Southhaven, Mississippi. He asked the clerk, John Long, to use the telephone, and he left after approximately five to ten minutes. Long testified that Shorty entered the store at approximately 2:00 a.m. and attempted to return some cold medicines for cash. Long refused, and Shorty eventually left. At the time, Shorty was driving a small, white, two-door car.

¶3. At approximately 4:00 a.m., Cox entered the store wearing sunglasses, a yellow t-shirt pulled over his head, a long-sleeve sweat-shirt, and socks over his hands and arms. He pointed a pellet pistol, which was designed to look like a .357 Magnum revolver, at Long, and Long opened the cash register. Cox then took

the cash drawer out of the register, which contained $107.85, and exited the store.

¶4. Long testified that Cox got into a small, white car which was parked approximately five feet from the front glass doors. He said the car was driven by a black man, but he could not positively identify Shorty as the driver. The two men then fled the scene. The officer who responded to the robbery was on his way to the store when he passed Cox and Shorty traveling in the other direction. As he turned around to pursue, the car veered off the road and wrecked.

¶5. Shorty was taken into custody without resistance, but Cox attempted to flee the scene. He was arrested in an adjacent parking lot and told the officers that he did not rob the store, that Shorty robbed the store, and that he feared for his life. At the scene police recovered the clothes used in the robbery, the sunglasses, the cold medicine Shorty had attempted to return earlier, a Crossman pellet pistol, the cash register drawer, approximately $70 to $80 in cash and coin currency, and a crack pipe.

¶6. A jury found the defendants guilty of armed robbery, and the court sentenced Cox as a habitual offender to life imprisonment without the possibility of parole and Shorty to thirty years without the possibility of parole.

## DISCUSSION

### I. Whether the court erred in denying the appellants' motion for mistrial after the admission of evidence which had been excluded in limine.

¶7. A crack pipe was found at the scene of Cox and Shorty's arrest. On motion in limine of the defendants, the circuit court ruled that the prosecution could not introduce evidence of the pipe at trial. At trial, an officer testified that he saw a crack pipe in the car. Defense counsel objected, and the judge took the attorneys into chambers. In chambers the prosecutor said that he forgot to tell the officer not to mention the pipe. The judge proceeded with the trial and admonished the jury that it must disregard the pipe because it might have belonged to anybody. He then asked each juror if mention of the pipe would affect them, and each responded negatively.

¶8. Cox cites *Mack v. State*, 650 So.2d 1289 (Miss. 1994), and *Watts v. State*, 635 So.2d 1364 (Miss. 1994) (reversed for failing to give proper limiting instruction), for the propositions that robbery has its own motive and that the introduction of other crimes constitutes reversible error. These cases are distinguishable because they all relate to other crimes that were actually introduced into evidence under M.R.E. 404(b) to prove motive for the crime.

¶9. In *Mack,* we specifically held that "prosecutors and trial courts alike should approach with caution any evidence of other crimes offered for the purpose of proving motive for a robbery. Robbery has its own motive--the attainment of something of value." 650 So. 2d at 1313. We went on to hold that the admission into evidence of Mack smoking crack before and after the crime was harmless error due to the "close connection of a specific monetary objective and because of the overwhelming evidence of guilt." *Id.*

¶10. Likewise, in *Snelson v. State*, 704 So.2d 452 (Miss. 1997), cited by Shorty, the trial court admitted under Rule 404 (b) evidence of crack use by Snelson long after the robbery was committed. We held that to be reversible error because there was no showing that Snelson's primary motivation was to purchase crack cocaine. This case is also distinguishable, as the trial judge in the instant case excluded evidence of the crack pipe and admonished the jury to disregard it when it was mentioned by the witness.

¶11. In *Estes v. State*, 533 So.2d 437, 439 (Miss.1988), the trial court granted a motion in limine to exclude other crimes as they related to Estes. The victim was being cross-examined and made reference to other crimes. The trial judge sustained the objection and struck the reference. The court also told the jury to disregard the testimony. We held this to be harmless error. "It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result." *Id.* (citing *Wetz v. State*, 503 So.2d 803, 810 (Miss.1987); *May v. State*, 460 So.2d 778, 783 (Miss.1984); *Shelby v. State*, 402 So.2d 338, 340 (Miss.1981)). On re-direct examination, the victim once again made a similar reference. We held this to be harmless error because "[i]t is presumed that when a trial judge sustains an objection the jury understands that the trial court disapproves of the testimony. *Id.* (citing *Davis v. State*, 472 So.2d 428, 433 (Miss.1985)).

¶12. In the case at bar, the judge sustained the objection and ordered the jury to disregard testimony regarding the pipe. We have held that "[t]he trial judge is in the best position for determining the prejudicial effect of an objectionable remark by either the prosecutor or a witness." *Perkins v. State*, 600 So.2d 938, 940 (Miss.1992). Where "serious and irreparable damage" has not resulted, the judge should "admonish the jury then and there to disregard the impropriety." *Roundtree v. State*, 568 So.2d 1173, 1178 (Miss.1990). The jury is presumed to have followed the admonition of the trial judge to disregard the remark. *Dennis v. State*, 555 So.2d 679, 682-83 (Miss.1989). Under the facts at bar, it cannot be said that the circuit court abused its discretion in denying the defendants' motion for mistrial.

### II. Whether the court erred in denying the appellants' motion for mistrial based on the remarks of the prosecutor in closing arguments.

¶13. During closing arguments, the prosecution made the following statement: "Randy Cox and Eddie Shorty committed, short of murder, what I consider to be the most invasive violent crime that could be committed against a human being." After closing arguments, defense counsel moved for a mistrial, which was denied by the circuit court.

¶14. The State argues that Cox and Shorty failed to object to the statement at the time it was made and that a contemporaneous objection is needed to preserve the issue for appeal. It contends that, had the objection been raised, the judge could have addressed the statement, and could have admonished the jury, if he found that to be necessary. "It is the duty of a trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument, to promptly make objections and insist upon a ruling by the trial court." *Brewer v. State*, 725 So.2d 106, 131 (Miss. 1998).

¶15. The test to determine if an argument by the prosecution requires reversal is "whether the natural and probable effect of the improper argument created an unjust prejudice against the accused as to result in a decision influenced by the prejudice so created." *Davis v. State*, 530 So.2d 694, 701 (Miss.1988). Having been denied the opportunity to correct the error, if any, the granting of a motion for a mistrial is within the sound discretion of the trial judge. *Bass v. State*, 597 So.2d 182, 191 (Miss.1992). Cox and Shorty have not shown that the court abused its discretion, and this issue therefore lacks merit.

### III. Whether the verdict was against the overwhelming weight of the evidence.

¶16. Cox and Shorty claim that the court erred in denying their motions for directed verdict, new trial, and judgment notwithstanding the verdict because the verdict was against the overwhelming weight of the

evidence. Shorty argues that no direct evidence connects him to any element of the crime. Cox argues that the gun he used was a pellet gun and, therefore, not a deadly weapon.

¶17. The evidence in the record shows that both men were in the store that night and that Shorty, by his own admission, was desperate for money. Later that night a man robbed the store while another waited outside in a getaway car similar to that which Shorty was driving earlier. On his way to the scene in response to the robbery call, an officer was passed by a car traveling away from the crime scene at a high rate of speed and driven by Shorty with Cox in the passenger seat.

¶18. After Shorty lost control of the vehicle and wrecked, the officers arrested the two at the scene of the accident. At the scene, the officers recovered the pellet pistol, which was identified by Long, the plastic cash drawer of the cash register, approximately $75 in currency, rolled coins, and loose coins, sunglasses, a yellow T-shirt and socks, all of which were identified by Long as the clothes worn by the robber.

¶19. When weighing the sufficiency of the evidence, the trial court must consider all of the evidence in the light most favorable to the State. *May v. State*, 460 So.2d at 781. The State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Id.* If reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required. *Id.* Based on these facts, reasonable jurors could find beyond a reasonable doubt that Cox and Shorty committed armed robbery. This issue therefore lacks merit.

### IV. Whether the circuit erred in granting the State's motion to amend the indictment to charge Cox as a habitual offender.

¶20. Cox alleges that the indictment against him was amended to charge him as a habitual offender and that this amendment is impermissible because it involved the substance of the indictment, and not its form. He cites *Quick v. State*, 569 So.2d 1197 (Miss. 1990) for the proposition that "the court has no power to amend an indictment as to the matter of substance without the concurrence of the grand jury by whom it was found, although amendments as to mere informalities may be made by the court."

¶21. Cox urges this Court to find that amending his indictment for armed robbery to include the habitual offender section is an amendment of substance. However, we have held that amending indictments to include a habitual offender charge does not affect the substance of the crime charged in any way. It affects only the sentencing of the crime. *Adams v. State*, 772 So.2d 1010, 1020 (Miss. 2000). *See also Newell v. State*, 754 So.2d 1261 (Miss. Ct. App. 1999) (holding that amendment of indictment for conspiracy to commit armed robbery to include habitual offender charge did not affect the substance of the crime charged, but only the sentencing). For these reasons, this argument lacks merit.

### V. Whether the failure of the court to determine the competency of Shorty constitutes plain error.

¶22. To determine if plain error has occurred, this Court must determine if the trial court has deviated from a legal rule, whether that error is plain, clear or obvious, and whether the error has prejudiced the outcome of the trial. *Grubb v. State,* 584 So. 2d 786, 789 (Miss. 1991)*; Porter v. State*, 749 So.2d 250, 260-61 (Miss. Ct. App. 1999). The Fifth Circuit has adopted a test to determine when a competency procedure is required: "the existence of a history of irrational behavior, defendant's demeanor at trial, and a prior medical opinion." *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir. 1980).

¶23. Rule 9.06, UCCCR, requires a court to conduct a mental examination of a defendant if there is a "reasonable ground to believe that the defendant is incompetent to stand trial." This Court has held that "[t] he determination of what is 'reasonable' rests largely within the discretion of the trial judge because the judge sees the evidence first hand and observes the demeanor and behavior of the defendant." *Conner v. State*, 632 So.2d 1239, 1248 (Miss. 1993), *overruled on other grounds*, [*Weatherspoon v. State*](), 732 So.2d 158 (Miss. 1999). In *Conner*, the trial court was aware that Conner was taking medication for schizophrenia, made a suicide gesture, allegedly "heard voices," had a low average intellectual level, that his counsel complained about getting assistance for trial from the defendant, and that he recalled virtually no facts concerning the case. 632 So. 2d at 1251.

¶24. We held that the trial court objectively considered all the facts and circumstances relative to Conner's competence to stand trial and that the record contained nothing to conclude that Conner "could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense." *Id*. Thus, the trial court did not abuse its discretion in failing to order a competency hearing in that case.

¶25. Shorty argues that, at the beginning of the trial proceedings, the judge asked him if he was currently undergoing medical treatment. Shorty responded that he was currently being treated for paranoid schizophrenia. The judge then questioned Shorty further:

> Court: Paranoid schizophrenia, okay. Well, you know what you're here for today?
>
> Shorty: Yes, sir.
>
> Court: You know what's going on?
>
> Shorty: Yes, sir.
>
> Court: You understand the consequences of the trial here today?
>
> Shorty: Yes, sir.
>
> Court: You understand that if you're found guilty, you're likely to get some kind of jail time?
>
> Shorty: Yes, sir.

¶26. Shorty contends that the circuit court was presented with enough information to raise a reasonable doubt as to his competence to stand trial. He claims that the "questions by the court did not probe into the history and present mental health status of the appellant but rather sought yes and no answers to surface questions regarding the ability to comprehend the appellant's presence in court."

¶27. Shorty correctly states that, where there is evidence indicating a reasonable probability that a defendant is incapable of making rational decisions, the court must order a mental evaluation. He cites as support *Barr v. State*, 359 So.2d 334 (Miss. 1978); *Pace v. State*, 218 Miss. 614, 67 So.2d 521 (1953) ; and *Shipp v. State*, 215 Miss. 541, 61 So.2d 329 (1952).

¶28. The cases cited by Shorty are all distinguishable from the case at bar, as in each case, the appellate court had before it the testimony of multiple physicians certifying the defendants as "insane." In *Barr*, the lower court had the sworn affidavit of the court's own appointed specialist which unequivocally stated that the defendant was not sane, in addition to a report from the Mississippi State Hospital in which at least one

doctor agreeing with the court's specialist. This Court held that a reasonable probability existed that the defendant was not competent to stand trial, and it was incumbent on the trial court to conduct a competency hearing. 359 So. 2d at 338.

¶29. Likewise, in *Pace*, the trial court had before it the testimony of two doctors who had treated the defendant, one of whom had been instrumental in committing the defendant to an "insane hospital" on two occasions. 67 So. 2d at 521-22. Furthermore, the defendant was prone to fits in which he would foam at the mouth, was destructive and threatened violence without provocation, was bitten by a rabid dog and suffered adverse effects from the treatment, was severely injured when the bare rim of a car's wheel ran over his head, and inflicted severe wounds on himself prior to trial.

¶30. Finally, in *Shipp*, the defendant submitted the reports of two doctors certifying that Shipp was in need of mental treatment at an institution. He was committed to Whitfield, where eleven doctors diagnosed him as suffering from catatonic schizophrenia. Eventually, a total of seventeen doctors unanimously agreed that Shipp was insane. Approximately one year after his commitment, the trial court held that Shipp would stand trial without a preliminary hearing to determine his competency. 61 So. 2d at 329-30. This Court reversed.

¶31. We have reversed cases due to the trial court's failure to conduct a physical or mental examination, but in those cases the trial court had before it medical evidence in support of the order. *Richardson v. State*, 767 So.2d 195, 203 (Miss. 2000). Shorty has evidenced no overt physical symptoms and has produced no statements from the doctors who have treated him for his condition. The circuit court therefore did not abuse its discretion in failing to order a competency hearing in this case.

### VI. Whether the court sentencing Shorty to 30 years without relying on actuarial tables or considering his mental illness as mitigating constitutes plain error.

¶32. Shorty was 38 years old at the time of sentencing. The judge did not have the actuarial tables of life expectancy before him at the time of sentencing. He stated that "I don't know how long it's been since we've had a modern, up-to-date one, but I'm going to say [the life expectancy of a black male is] 68 or 69. I think an appropriate sentence given the past record is 30 years."

¶33. This issue is procedurally barred, as Shorty's trial counsel failed to object to it at the sentencing hearing. A contemporaneous objection must be made at trial in order to preserve an issue for appeal. *Smith v. State*, 530 So.2d 155, 162 (Miss. 1988). Because no objection was made to the sentencing at trial, Shorty is precluded from raising it for the first time here.

¶34. Shorty asks this court to consider this issue under the doctrine of plain error. To constitute plain error, the trial court must have deviated from a legal rule, the error must be plain, clear or obvious, and the error must have prejudiced the outcome of the trial. *Grubb v. State,* 584 So. 2d at 789; *Porter v. State*, 749 So.2d at 260-61. As discussed below, Shorty has failed to show any error, much less plain error.

¶35. Shorty argues that only a jury may impose a life sentence pursuant to the robbery statute, Miss. Code Ann. § 97-3-79 (1999). He claims that the court committed reversible error in not relying on the actuarial tables and that the sentence of thirty years amounts to an improper life sentence in this case.

¶36. This Court has held that section 97-3-79 "presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life." *Stewart v. State*, 372 So.2d 257, 258-59 (Miss. 1979) (75-year sentence amounted to a

sentence of life, so that case was remanded for resentencing). Shorty has provided no evidence that the 30-year sentence imposed is the equivalent of a life sentence.

¶37. In doing so, Shorty has provided this Court with nothing but his own musings. He has not provided this Court with expert affidavits to substantiate the claim that Shorty has a lower-than-average life expectancy, or anything else that may qualify as evidence. Nor has he shown that the judge's estimation of the life expectancy of a black male was incorrect.

¶38. We have previously held that "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State*, 681 So.2d 521, 533 (Miss. 1996). Section 97-3-79 requires a court to sentence a defendant convicted of armed robbery to not less than three years, but less than life. "As a general rule, sentencing is purely a matter of trial court discretion so long as the sentence imposed lies within the statutory limits." *Wallace v. State*, 607 So.2d 1184, 1188 (Miss. 1992). Shorty has failed to show that his sentence is beyond the limits of Miss. Code Ann. § 97-3-79, and in any event he is procedurally barred from raising it at this time.

> **VII. Whether the failures of counsel to investigate the mental health of Shorty, move for a competency evaluation, move for severance based on Shorty's co-defendant's relationship with law enforcement, and the failure to object to the sentencing of Shorty constitute ineffective assistance of counsel.**

¶39. To prevail on an ineffective assistance of counsel claim, Shorty must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cabello v. State*, 524 So.2d 313, 315 (Miss. 1988). An appellant must meet both prongs of the *Strickland* test to prove ineffectiveness of counsel: that the legal representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *Edwards v. State*, 615 So.2d 590, 596 (Miss. 1993). As discussed above, Shorty cannot show that the failure to conduct competency proceedings was in error and, therefore, cannot show that his attorney was ineffective in failing to move for a competency hearing. This argument therefore fails.

¶40. Shorty next argues that his attorney was ineffective in failing to move to sever his trial from Cox's. The record shows that Cox was an active informant with the local authorities and was facing charges for providing false information at the time of the robbery. On the night of the robbery, when he used the telephone at Donnie's Deli prior to midnight, the record shows that Cox was calling his contact at the police department to attempt to set up an undercover drug buy.

¶41. Shorty contends that the evidence indicated that Cox was guiltier than he. Therefore, he argues, severance was necessary under Rule 9.03, UCCCR, to prevent a conflict of interest. However, as an accomplice, Shorty was culpable for the acts of the principal, Cox. Cox did not present a defense that Shorty was the robber and only made such a statement at the time of his arrest. The decision whether to move for severance was therefore within the purview of trial strategy. In the context of a claim of ineffective assistance of counsel, we must presume that the defense provided by counsel was effective and within the broad range of professional conduct. *McQuarter v. State*, 574 So.2d 685, 687 (Miss. 1990). Shorty has not shown a conflict of interest or that Cox had attempted to exculpate himself at the expense of Shorty. Severance is therefore not required. *See Duckworth v. State*, 477 So.2d 935, 937 (Miss. 1985).

¶42. Shorty's contention that his counsel was ineffective in failing to object to his sentencing also lacks merit. As previously discussed, Shorty has failed to show that his sentence was imposed in error. He therefore has failed to show that his counsel was ineffective in failing to object to it.

## CONCLUSION

¶43. Neither Cox nor Shorty have shown that their defense was prejudiced by errors of the circuit court, and the court therefore did not abuse its discretion failing to grant their motions for a mistrial. Furthermore, the verdict of the jury was not contrary to the overwhelming weight of the evidence. Shorty has also failed to show that his counsel committed error giving rise to a claim of ineffective assistance of counsel. The judgment of the DeSoto County Circuit Court is therefore affirmed.

¶44. **CONVICTION OF ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PAROLE AND CONDITIONS ARE AFFIRMED AS TO THE APPELLANT, RANDY COX. APPELLANT COX IS GIVEN 257 DAYS CREDIT FOR TIME SERVED.**

**CONVICTION OF ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF THIRTY (30) YEARS IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PAROLE AND CONDITIONS ARE AFFIRMED AS TO THE APPELLANT, EDDIE JAMES SHORTY. APPELLANT SHORTY IS GIVEN 257 DAYS CREDIT FOR TIME SERVED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**