295 So.2d 739 (1974)
Steven DeLane HAMILTON
v.
STATE of Mississippi.
No. 47961.
Supreme Court of Mississippi.
June 10, 1974.
*740 Baine, Hester & Ward, Gulfport, for appellant.
A.F. Summer, Atty. Gen. by William D. Boerner, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This is an appeal from the Circuit Court of Harrison County. Defendant Hamilton was convicted of the sale and delivery of marijuana and was sentenced to serve one year in the Mississippi State Penitentiary.
Because this case must be remanded for a new trial we will detail only the evidence pertinent to our decision in this case. The State's chief witness was Joe Brister, an undercover narcotics agent of the Gulfport Police Department. Brister testified that in the early morning hours of May 7, 1972 the defendant gave him one lid of marijuana on the condition that Brister would subsequently pay for it. Brister further stated that, later on the same day, he gave the defendant $17 in payment for the lid of marijuana he had received from the defendant.
On re-direct examination Brister was allowed to testify, over the defendant's objection, that the defendant had been to his home on seven or eight occasions during the month preceding the alleged sale for the purpose of pursuing his "habit of smoking marijuana." Brister testified further that the defendant had told him that all the drugs in which the defendant had dealt came from Diego Garcia, a Seabee Communications Center in Spain. The defendant contends that this testimony by Brister concerning prior unprosecuted crimes on the part of the defendant was irrelevant and was erroneously admitted into evidence since it served only to prejudice the jury against the defendant.
The defendant is correct in his assertion that evidence of prior unprosecuted offenses by a defendant is normally inadmissible. In Sumrall v. State, 257 So.2d 853 (Miss. 1972), we stated:
It is a well-settled general rule that the issue on a criminal trial should be single and that the testimony should be confined to that issue and on the trial for one offense the prosecution should not be allowed to aid the proof against the defendant by showing he committed other offenses, even though of a like nature. Cummings v. State, 219 So.2d 673 (Miss. 1969); Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966); Brown v. State, 224 Miss. 498, 80 So.2d 761 (1955); Pegram v. State, 223 Miss. 294, 78 So.2d 153 (1955); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933).
(257 So.2d at 854).
While acknowledging the rule in Sumrall to be of general application, we recognized a limited exception to the rule in Jones v. State, 285 So.2d 152 (Miss. 1973). We held in Jones that, if a defendant seeks acquittal by reason of entrapment, he cannot complain of an inquiry into his own conduct and predisposition as bearing on that issue. Since an inquiry into defendant's prior activities is relevant to show whether or not the defendant was predisposed to commit the crime charged, the State is permitted to produce evidence otherwise inadmissible under Sumrall. The State may rebut a showing by the defendant that he is an innocent person who was trapped by the creative activities of state officials. Likewise, the defendant who has raised the defense of entrapment is entitled to produce collateral evidence concerning the activities of the State's agents in relation to him.
In Jones we quoted with approval the following passage from Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), and held that the rule announced therein pertaining to the scope of proof in cases involving the defense of entrapment *741 were consistent with the holding of this Court in prior cases:
Objections to the defense of entrapment are also urged upon practical grounds. But considerations of mere convenience must yield to the essential demands of justice. The argument is pressed that if the defense is available it will lead to the introduction of issues of a collateral character relating to the activities of the officials of the government and to the conduct and purposes of the defendant previous to the alleged offense. For the defense of entrapment is not simply that the particular act was committed at the instance of government officials. That is often the case where the proper action of these officials leads to the revelation of criminal enterprises. Grimm v. United States, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550, supra. The predisposition and criminal design of the defendant are relevant. But the issues raised and the evidence adduced must be pertinent to the controlling question whether the defendant is a person otherwise innocent whom the government is seeking to punish for an alleged offense which is the product of the creative activity of its own officials. If this is the fact, common justice requires that the accused be permitted to prove it. The government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense. (287 U.S. at 451, 53 S.Ct. at 216, 77 L.Ed. at 422).
See also United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).
In the instant case Agent Brister was the State's first witness and on re-direct examination was asked if he had ever seen Defendant Hamilton in possession of any kind of drug on any prior occasion. The defendant objected to that question and the trial court overruled the objection stating:
He is entitled to show, if he can, why he tried to make this purchase. You see, if he was an innocent person  I imagine he is pleading entrapment  if he is an innocent person the officer should not trap him, but if he was one who already was dealing, then he had a right to entrap him. That is what counsel is trying to bring out.
The trial court would have been correct in overruling the defendant's objection to Brister's testimony if the defendant had availed himself of the defense of entrapment. However, the defendant did not raise the defense of entrapment and, in fact, denied having sold marijuana to Agent Brister on any occasion. Since the defendant denied making the sale, the defense of entrapment was not available to him. Reeves v. State, 244 So.2d 5 (Miss. 1971); Hogan v. State, 233 So.2d 786 (Miss. 1970). Under these circumstances, the State was not entitled to delve into the defendant's past activities to show that he was predisposed to commit the crime charged.
Although control of the order of proof in a trial lies within the sound discretion of the court, evidence should not be admitted in anticipation that the defendant will raise the defense of entrapment. To hold otherwise would compromise a defendant's right to a fair trial by placing before the jury evidence later rendered inadmissible and prejudicial upon his denial that he committed the offense.
We hold that the State may not adduce evidence tending to show that the defendant had a prior predisposition to commit the offense charged until the defendant *742 raises the defense of entrapment. Should the defendant claim he was entrapped, the State is then entitled in rebuttal to put on its evidence tending to show the defendant was predisposed to commit the offense.
Because the defendant did not choose to rely on the defense of entrapment, Agent Brister's testimony was irrelevant and prejudicial, and its admission in anticipation of a defense which did not materialize was error. Therefore, the defendant's conviction is reversed and the case is hereby remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER and SMITH, JJ., concur.