417 So.2d 543 (1982)
Johnny Lee EPPS
v.
STATE of Mississippi.
No. 52258.
Supreme Court of Mississippi.
July 21, 1982.
Alan M. Hathorne, Jackson, for appellant.
*544 Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
Johnny Lee Epps was convicted in the Circuit Court of the First Judicial District of Hinds County, Honorable Dan M. Lee, presiding, for the unlawful sale of cocaine, and was sentenced to a term of twenty-five (25) years with the Mississippi Department of Corrections, twenty (20) years being suspended, with five (5) years to serve, and five (5) years probation.
Epps has appealed to this Court and assigns two (2) errors in the trial below. We consider only the assigned error as to whether or not the trial court erred in refusing appellant's request for a peremptory instruction of not guilty because of entrapment, and we reverse.
According to the State's evidence, on March 27, 1979, Detective L.C. Russell and Alex Butler, a confidential informant, went to the home of Mary Jackson. Butler told Detective Russell that Miss Jackson would take him to a known drug dealer in the area where he could purchase cocaine. Detective Russell accompanied Miss Jackson to the home of appellant where they knocked on the door and Epps came out. Miss Jackson asked Epps whether he had any "stuff" left and appellant said that he had a "small piece" which was of a "top grain." Detective Russell and Miss Jackson agreed to purchase the cocaine. Epps went inside and returned with a small paper package which he handed to Miss Jackson, who passed it over to Detective Russell. He examined the contents, was convinced that it was narcotic and gave Epps sixty dollars ($60.00) for the substance. It was identified as cocaine at the police station. Subsequently, appellant was arrested on September 5, 1979 (five months later) and was charged with the sale of cocaine.
At trial, appellant testified that the cocaine was supplied to him by the confidential informant, Alex Butler. Miss Jackson testified that Butler was her boyfriend and that he came to her home with Detective Russell and introduced him as a friend from Chicago. Further, that Butler asked her to go to Epps' home and purchase a gram of cocaine, to which she finally agreed.
Appellant corroborated Miss Jackson's testimony about details of the sale. He further testified that two days before the sale, Alex Butler came to his home and asked him to hold some cocaine for him until Mary Jackson picked it up; that Butler told him Jackson would give him forty dollars ($40.00) for the cocaine; and that he would pick up the money later. According to him, Butler never came to appellant's home after the sale to collect the money.
The confidential informant, Alex Butler, did not testify at the trial, and the testimony of appellant to the effect that Alex Butler came to his home and asked him to hold some cocaine for him until Miss Jackson picked it up later is uncontradicted. Detective Russell stated that he did not know how appellant obtained the narcotic.
In Torrence v. State, 380 So.2d 248 (Miss. 1980), the defendant relied upon entrapment as his defense. He contended that a police informer supplied the narcotics which provided the basis for the charges against him, and that such conduct constituted entrapment as a matter of law. In reversing the conviction and discharging Torrence, the Court said:
It is the defendant's sole contention that his uncontradicted testimony establishes entrapment as a matter of law, and, that the burden was on the state to rebut such evidence and the state failed to sustain that burden. This Court had the same question before it in the recent case of Sylar v. State, 340 So.2d 10 (Miss. 1976). There it was shown that Sylar, after declining on several occasions, consented to a Mississippi Narcotics Bureau undercover agent's request to deliver a one-pound package of marijuana to a "friend," who was also an undercover *545 agent. Sylar was also instructed to collect from the latter $120.00. Sylar consummated the sale and returned the state funds back to the first agent's residence. In reversing and discharging the defendant, the Court quoted with approval from State v. Talbot, 71 N.J. 160, 364 A.2d 9 (1976), wherein the New Jersey Supreme Court stated this rule:
This appeal poses the issue whether entrapment is established as a matter of law if an informant, while acting in concert with an undercover police officer, but unknown to the officer and contrary to instructions, supplies the defendant with heroin for the purpose of then arranging a sale of the heroin by defendant to the undercover officer, which sale is then consummated. We hold that it is. (364 A.2d at 10).
The Court continued:
We hold that where an informer or other agent generally acting in concert with law enforcement authorities, furnished a defendant with heroin for the purpose of then arranging a sale of the heroin by the defendant to an undercover officer, which sale is then consummated, defendant has been entrapped as a matter of law even though predisposition to commit the crime may appear, and notwithstanding that the furnishing of the heroin is unknown to and contrary to the instructions of the law enforcement authorities. Those authorities, having set the agent to work in enticing the defendant, the prosecution should bear the onus of the means selected by the agent. See State v. McKinney, 108 Ariz. 436, 501 P.2d 378, 381-382 (1972); State v. Boccelli, 105 Ariz. 495, 467 P.2d 740, 742 (1970); People v. Strong, 21 Ill.2d 320, 172 N.E.2d 765, 768 (1961); State v. Overmann, 220 N.W.2d 914, 916-917 (Iowa Sup.Ct. 1974); Jones v. State, 285 So.2d 152, 159 (Miss.Sup.Ct. 1973); State v. Saniz, 84 N.M. 259, 501 P.2d 1247, 1248 (Ct.App. 1972); Lynn v. State, 505 P.2d 1337, 1344 (Okl.Cr.App. 1973). But see Proposed New Jersey Penal Code § 2C:2-12 (1971). (364 A.2d at 13). [380 So.2d at at 249-50].
The responsibility is upon the prosecution to rebut uncontradicted evidence which makes out a defense of entrapment. The confidential informant here was not an informant whose identity could not be disclosed, because the record is replete with references to him and his identity. No excusable reason appears in the record why he did not appear and testify in rebuttal. The defense of entrapment having been established as a matter of law upon the uncontradicted testimony of the appellant and Miss Jackson, we have no alternative except to reverse the lower court and discharge the appellant.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING and HAWKINS, JJ., concur.
DAN M. LEE and PRATHER, JJ., took no part.