PRATHER, Justice,
for the Court:
Edward B. Usry, Jr. was convicted of armed robbery in the Circuit Court of Hinds County. For the reasons outlined below, we reverse.
I.
At approximately 1:30 a.m., September 6, 1983, Karen Howard was sweeping the parking lot of a Jackson, Mississippi convenience store when a blue Dodge Duster drove in. The blue Duster was carrying two men, the driver wearing a green shirt. Miss Howard returned inside to assist the would-be customers.
As Miss Howard took her place behind the counter, she turned around to find a pistol pointed at her face and the passenger of the blue Duster demanding all the money in the cash register. She immediately surrendered the money which included over $30.00 in bait money. The bait money consisted of $1.00 bills, the serial numbers of which had been recorded by the store manager in case of a robbery.
After the robber fled, Miss Howard notified her manager, who, in turn, notified the police. The police conducted an investigation and instigated a search for the blue Dodge Duster. An hour and a half later the blue Duster was stopped with Edward Usry, Jr. driving. Usry, wearing a green shirt, was found in possession of $34.00 of the bait money taken from the convenience store.
In addition, Usry was implicated in the Jackson robbery in a statement given by Sidney Ray Leonard to the Hattiesburg police. Leonard later pled guilty to the Jackson robbery in return for a twenty-five year prison sentence to run concurrently with another prison sentence for a different crime.
Edward Usry, Jr. was tried and convicted of armed robbery and was sentenced to life in prison. From that conviction and sentence he perfects this appeal.
II.
At trial, the prosecution engaged the girlfriend of Sidney Leonard, Usry’s accomplice, in the following exchange:
Q. Did you do anything' before you went to your house?
A. Yeah. Eddie had called the house and said he was a doctor at the Baptist Hospital.
Q. When you say Eddie—
A. The defendant.
Q. He called your mother’s house?
A. Uh huh.
Q. And said what?
A. He said he was a doctor at the Baptist Hospital and that I had been injured in a wreck and that my parents needed to come down to the hospital.
BY DEFENSE COUNSEL:
We are gonna object to that, Your Honor. • I don’t think it’s relevant here.
BY THE COURT:
Sustained.
BY DEFENSE COUNSEL:
And we make a motion at this time for a mistrial based upon those questions asked.
BY THE COURT:
Denied. The jury will disregard the last answer of the witness. Move along.
BY THE ASSISTANT DISTRICT ATTORNEY:
Q. You did go to your house.
A. Yes, ma’am.
*375 Q. Did you move out of your house?
A. I took my clothes.
Q. ' Did you take anything else?
A. We took some money and two guns.
Q. Money and what?
A. Two guns.
Q. Okay.
BY THE DISTRICT ATTORNEY:
Would the Court now allow the statement, Your Honor?
BY THE COURT:
What?
BY THE DISTRICT ATTORNEY:
Would the Court now allow the statement?
BY THE COURT:
Yes, sir. The objection will be overruled to the previous answer that I told you to disregard. Let’s move along.
Again asked about her mother’s trip to the hospital, the witness testified:
Okay. The defendant called my house and said he was a doctor at the hospital and that I had been hurt and my parents needed to come down there.
BY DEFENSE COUNSEL:
May the record reflect that I’ve got a continuing objection to this testimony, Your Honor?
BY THE COURT:
Yes, sir.
BY THE ASSISTANT DISTRICT ATTORNEY:
Q. Had you been hurt?
A. No.
Q. Were you at the hospital?
A. No.
Q. Why did you cause that call to be made to your mother’s house with that message?
A. So we could get my clothes.
BY DEFENSE COUNSEL:
Objection, Your Honor.
BY THE COURT:
Overruled.
BY THE ASSISTANT DISTRICT ATTORNEY:
What was your answer?
A. So we could get my clothes and money.
Q. Get your clothes and money.
A. Uh huh.
Q. To do what with?
A. Money so we could get out — just go ahead and leave Jackson.
Q. Were you in school at that time?
A. No.
Q. And how old were you then?
A. Seventeen.
Q. When you went to your mother’s house, what all did you take?
A. My clothes and $172.00 and two .357 Magnum hand guns.
Q. Did you take any checks?
A. Yes, ma’am, I took some personal checks.
Q. Were they your checks?
A. No.
Q. Okay.
A. They were my parents.
By this testimony the prosecutor implicated the defendant in a crime wholly unrelated to the crime at issue, thereby prejudicing the minds of the jurors. Specifically, the prosecutor elicited testimony to the effect that on the morning of the armed robbery at issue, the defendant acted with others to steal $172.00 in cash, two .357 Magnum handguns, and personal checks, all belonging to the witness’s parents.
“Generally, evidence of a prior criminal activity on the part of one criminally accused where the prior offense has not resulted in a conviction is inadmissible.” Quinn v. State, 479 So.2d 706, 709 (Miss. 1985). See also, Minor v. State, 482 So.2d 1107, 1110 (Miss.1986); Neal v. State, 451 So.2d 743, 758 (Miss.1984).
Our caselaw recognizes certain limited exceptions to the general rule, none of which are present in this case:
Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and *376 there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge.
Tobias v. State, 472 So.2d 398, 400 (Miss.1985). See also, Smith v. State, 223 So.2d 657 (Miss.1969).
Although not assigned as error, the Court finds the introduction of testimony concerning another crime was plain error as contemplated in Mississippi Supreme Court Rule 6(b). Because the evidence fits under no exception to the general rule disallowing evidence of other crimes, the Court holds it was inadmissible and constitutes reversible error.
III.
For those reasons, the Court finds the armed robbery conviction and sentence of life imprisonment of Edward Usry should be and is hereby reversed and remanded.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.