533 So.2d 464 (1988)
Elroy Earl SAYRE
v.
STATE of Mississippi.
No. 57110.
Supreme Court of Mississippi.
October 26, 1988.
*465 George S. Shaddock, Johnston & Shaddock, Pascagoula, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:

I.
Today's appeal is by one convicted of selling marijuana. A single question has been presented: did the Circuit Court err when it allowed the prosecution to produce against the accused evidence regarding the accused's uncharged, unconvicted trafficking in marijuana prior to this offense. Because the defendant had offered an entrapment defense, and thus placed his predisposition in issue, we find no error and affirm.

II.
Elroy Earl Sayre, 50 years old, had been living in Jackson County since 1957. On October 4, 1984, he sold 890 grams of marijuana to David Jackson, an agent for the Mississippi Bureau of Narcotics, for $1,800.
On the afternoon in question, Jackson went to the trailer where Sayre lived shortly after 2:00 p.m. Jackson and Sayre knew one another, and Jackson told Sayre he wanted to purchase two pounds of marijuana. Sayre replied he only had one pound and it would take a while to get the other pound.
The two left the trailer. Sayre got in his car (a grey-black Camaro) and Jackson followed in his car to the "Country Curb" Store. After the cars were parked, Sayre went to a telephone and, a few minutes following a telephone conversation, another car drove up beside Sayre. Jackson saw Sayre hand money to an individual in the other car. Sayre then returned and told Jackson to meet him at his (Sayre's) place on the river in 15 to 20 minutes.
Jackson went to the river trailer (after advising fellow officers by radio of the rendezvous) and met Sayre there. Sayre had some small scales and weighed the marijuana. They discussed making additional purchases, and if so, Sayre would cut the price some.
On cross-examination defense counsel asked Agent Jackson if he knew a man named Paul Slaughter, and Jackson said he did not know him, but he had heard of him. Jackson testified Slaughter was not a confidential informant for the Mississippi Bureau of Narcotics, and as far as he knew did not work for any other state or county agency. Jackson said Slaughter was not involved in any way in the marijuana purchase from Sayre. All of this was prelude to Sayre's defense that he was entrapped.
Sayre testified in his own behalf. He stated that the marijuana he sold to Jackson was furnished him by Slaughter. He further testified that Slaughter was a confidential informant, and that he knew this because when he was arraigned on another *466 charge, Slaughter was named as an agent for the State. He "believed" Slaughter was employed by the State or the police department.
On cross-examination Sayre admitted he had sold marijuana and would deal with Slaughter. Over defense objections, Sayre acknowledged on cross-examination that he and Slaughter had begun dealing in marijuana in August of 1984, and that before that time he had engaged in selling marijuana. Again over objection, Sayre on cross-examination admitted to making sales of marijuana as far back as February, 1984. Sayre testified he could not remember the name of the man with whom he talked at the Country Curb Store. Sayre admitted he had no idea who Slaughter was a confidential informant for but based his belief on the fact the name was on another charge against him.
The defense called Mike Byrd, an employee of the Jackson County Sheriff's Department, who had previously been a policeman in Moss Point. Byrd testified he knew Slaughter, but that he knew nothing of Slaughter having anything to do with the sale to Sayre.
The Circuit Court held that Sayre was entitled to have the issue of entrapment submitted to the jury and granted instructions on the general law of entrapment. The defense requested no instruction, however, on the specific question of whether marijuana sold by Sayre to Jackson had been furnished him by some agent of the State.
After deliberation the jury on July 31, 1985, found Sayre guilty of sale of marijuana, whereupon the Circuit Court imposed a sentence of fifteen (15) years imprisonment. This appeal has followed.

III.
At trial the prosecuting attorney was over defense objection allowed extensive cross-examination of Defendant Sayre regarding his prior marijuana-related criminal activity. Sayre's objection was on relevancy grounds. His sole assignment of error is that the Circuit Court erred in permitting this cross-examination.
Even before the advent of Rule 401, Miss.R.Ev.,[1] evidence was admissible on relevancy grounds in a civil or criminal action only if it had a tendency to make the existence of a fact of consequence more probable or less probable than it would be without the evidence. Collins v. State, 513 So.2d 877, 878 (Miss. 1987); Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202, 1205 (Miss. 1970). Determination of what is a fact of consequence is a function of the issues in the case.
When an accused pleads entrapment, his predisposition to commit the crime charged becomes a fact of consequence. Hamilton v. State, 295 So.2d 739, 740 (Miss. 1974). Whether he has committed other similar acts in the past is relevant within our evidence law; that is, such evidence has a tendency to show predisposition.
Prior to trial Sayre advised the Court and the prosecution of his entrapment defense. See Rule 4.09, App. A(11)(a)(4), Miss.Unif.Crim.R.Cir.Ct.Prac. Specifically, on July 29, 1985, two days before trial, Sayre filed a statement which, inter alia, stated that
Defendant does raise the defense of entrapment and intends to offer proof of same upon the trial of this case.
At no point prior to the complained of cross-examination had Sayre waived any right to claim so-called subjective entrapment, that is, to prove lack of predisposition to deal in marijuana or that any such predisposition was wholly the product of police procurement. In fact, the case went to the jury with entrapment instructions that required consideration of Sayre's predisposition and state of mind. See Instructions S-4 and D-2.
That Sayre ultimately failed in his entrapment defense hardly affects admissibility. At the time the prosecuting attorney was faced with deciding whether to cross-examine Sayre, the predisposition issue *467 was alive and well. Sayre had not rested his case, and the Circuit Court would have erred had it thereafter denied him the right to offer evidence or lack of predisposition. The Circuit Court correctly held Sayre's prior marijuana-related criminal activity relevant and thus admissible.
The argument we are presented today is that, because Sayre never denied predisposition, the prosecution was precluded from proving it. This logic would empower an accused to pretermit much of the prosecution's proof by an admission or a failure to deny. We have rejected this tactic in cases with much higher stakes. See Evans v. State, 422 So.2d 737, 742-43 (Miss. 1982) (capital murder defendant's guilty plea does not preclude the prosecution's proof of details of the crime at sentencing phase).

IV.
In the end, we affirm. We do so because the Circuit Court's action allowing receipt of the evidence of prior marijuana-related activity on the question of predisposition was within the authority afforded by our law of evidence, pre-January 1, 1988, variety.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., concurs by separate written opinion.
HAWKINS, P.J., and SULLIVAN, J., dissent.
GRIFFIN, Justice, concurring:
I join Justice Robertson's opinion, fully agreeing that cross-examination of Sayre concerning his prior activities as a marijuana merchant was admissible. He had given notice that he intended to plead entrapment. This made his prior activities relevant.
I concur in Justice Hawkins' affirmance, but cannot agree that we have "objective" entrapment. One is either entrapped or he is not and to plead the same brings his life's activities into question.
Apparently, as I interpret Justice Hawkins' opinion, objective entrapment is a total defense. This would be contrary to my dissent in Kemp v. State, 518 So.2d 656 (Miss. 1988). Justice Robertson apparently recognizes this when he quotes Judge Holmes in Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), as follows:
... [F]or my part I think it is a less evil that some criminal should escape than that the government should play an ignoble part.
277 U.S. at 470, 48 S.Ct. at 575.
So, therefore, insofar as Justice Robertson's opinion may approve the majority opinion in Kemp as condemning inverse entrapment, I disagree. Inverse entrapment is not, per se, the playing of an ignoble part by the government.
HAWKINS, Presiding Justice, dissenting:
The usual entrapment case, as everyone knows, is an affirmative defense in which the accused, while freely admitting he committed the criminal act with which he is charged, attempts to persuade the jury that he is a nice fellow and had no intent whatever to commit the offense until badgered and hounded into doing so by persistent law enforcement officers. It then becomes a jury question what was in the defendant's head before the harrying by law enforcement officers. Was he a law-abiding citizen who neither engaged nor intended to engage in this sort of criminal activity, or was he not?
The record in this case was initially assigned to me. Upon doing research it became clear that our Court has created, beyond the hornbook type of entrapment urged in Federal and many other state courts, a special entrapment defense, and that some service would be rendered by distinctly clarifying and explaining our Court's holding. The evolution of our special type of entrapment in which the defendant would be entitled to an acquittal *468 began with Jones v. State, 285 So.2d 152 (Miss. 1973).
Also, it was clear that when this particular type of entrapment defense, which we have fashioned under Mississippi law, is raised, the defendant's predisposition to commit the crime  what was in his head before law enforcement entreaties  is not an issue before the jury. This, too, should be explained.
The majority appears, at least to me, to state in a vague and oblique manner what I have attempted to set forth plainly, without beating around the bush. With deference, I can only assume that rather than lucidity the majority wants the Court's position to continue clouded and obfuscated.
What follows is what I originally wrote, for whatever it is worth.

(THE ORIGINAL OPINION)
Elroy Earl Sayre appeals from his conviction in the circuit court of Jackson County of the crime of selling 890 grams of marijuana and sentence to 15 years imprisonment. The only error he assigns is the district attorney cross-examining him on trafficking in marijuana prior to this offense.
Because Sayre's only defense at trial was entrapment occasioned by the State furnishing the contraband (a contention he abandons on appeal), we (now "I would") find no prejudicial error was committed and affirm.

FACTS
Sayre, 50 years old, had been living in Jackson County since 1957.
On October 4, 1984, David Jackson, an agent for the Mississippi Bureau of Narcotics, purchased 890 grams of marijuana from Sayre for $1,800. He went to the trailer where Sayre lived shortly after 2:00 p.m. The officer and Sayre knew one another, and Jackson told Sayre he wanted to purchase two pounds. Sayre replied he only had one pound and it would take a while to get the other pound.
The two left the trailer. Sayre got in his car (a grey-black Camaro) and Jackson followed in his car to the "Country Curb" Store. After the cars were parked, Sayre went to a telephone and, a few minutes following a telephone conversation, another car drove up beside Sayre's car, and Jackson saw Sayre hand money to an individual in the other car. Sayre then returned and told Jackson to meet him at his (Sayre's) place on the river in 15 to 20 minutes.
Jackson went to the river trailer (after advising fellow officers by radio of the rendezvous) and met Sayre there. Sayre had some small scales and weighed the marijuana. They discussed making additional purchases, and if so, Sayre would cut the price some.
The reason for a purchase this large from Sayre was an endeavor to learn the identity of his supplier. The officers were unable to ascertain the identity of the man with whom Sayre talked at the Country Curb Store. Jackson did observe the kind of car he was driving, a brown LTD, and the tag number. But at the time of trial, his identity remained uncertain. The tag number showed that the car was registered in the name of Kenneth Wayne Graham.
On cross-examination Jackson was asked if he knew a man named Paul Slaughter, and Jackson said he did not know him, but he had heard of him. Jackson testified Slaughter was not a confidential informant for the Mississippi Bureau of Narcotics, and as far as he knew did not work for any other state or county agency. Jackson said Slaughter was not involved in any way in the marijuana purchase from Sayre. Dean A. Shepherd, another officer with the Mississippi Bureau of Narcotics working with Jackson in the purchase of the marijuana from Sayre, and who gave Graham's name as the person in whose name the tag was registered, testified Graham was a suspect in violating the drug laws. He also testified Graham was not and never had been a confidential informant or an agent of the Mississippi Bureau of Narcotics. He also testified he had never heard of Paul Slaughter.
Sayre testified in his own behalf. He stated that the marijuana he sold to Jackson *469 was furnished him by Slaughter. He further testified that Slaughter was a confidential informant, and that he knew this because when he was arraigned on another charge, Slaughter was named as an agent for the State. He "believed" Slaughter was employed by the State or the police department.
On cross-examination Sayre admitted he had sold marijuana and would deal with Slaughter. Over defense objections, Sayre testified on cross-examination that he and Slaughter had begun dealing in marijuana in August of 1984, and that before that time he had engaged in selling marijuana. Again over objection, Sayre on cross-examination admitted to making sales of marijuana as far back as February, 1984. Sayre testified he could not remember the name of the man with whom he talked at the Country Curb Store.
Also, on cross-examination Sayre admitted he had no idea who Slaughter was a confidential informant for, but based his belief on the fact the name was on another charge against him.
The defense called Mike Byrd, an employee of the Jackson County Sheriff's Department, who had previously been a policeman in Moss Point. Byrd testified he knew Slaughter, but that he knew nothing of Slaughter having anything to do with the sale to Sayre.
The circuit judge ruled that Sayre was entitled to general entrapment instructions, and the jury was instructed on the general law of entrapment. The defense requested no instruction, however, on the specific question of whether marijuana sold by Sayre to Jackson had been furnished him by some agent of the State.
After deliberation the jury found Sayre guilty, and following a judgment of conviction, he has appealed.

LAW
The only assignment of error on this appeal is the contention that the circuit judge erred in permitting the State to cross-examine Sayre about his prior dealing and criminal behavior in the trafficking of marijuana. Sayre makes no contention on appeal that the contraband he sold Jackson was furnished him by any agent or representative of a law enforcement agency.
Beginning with Jones v. State, 285 So.2d 152 (Miss. 1973), two types of entrapment defense have been recognized in this state.
The general entrapment defense recognized by courts, following Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), is where an innocent person with no criminal inclination is induced by persistent entreaties from an agent for the State to commit an offense. Jones v. State, supra, at 157. This entrapment defense requires an inquiry into the defendant's state of mind  a subjective approach. In determining the accused's intent, his past behavior, insofar as this type of offense concerned, is relevant.
The second type of entrapment defense is where some state or county law enforcement officer actually furnished the contraband with which the accused committed the crime. If an agent for the Mississippi Bureau of Narcotics or some other law enforcement agency furnishes the contraband for an accused to make a sale to another undercover agent, this conduct by the State in and of itself creates an absolute entrapment defense, regardless of the past behavior of the accused, and whether he otherwise would have been entitled to an entrapment defense or not. This, of course, is an objective test. When it has been met, we have consistently held the accused is entitled to an acquittal as a matter of law. See: Kemp v. State, 518 So.2d 565 (Miss. 1988); Barnes v. State, 493 So.2d 313 (Miss. 1986); Daniels v. State, 422 So.2d 289 (Miss. 1982); Epps v. State, 417 So.2d 543 (Miss. 1982); Torrence v. State, 380 So.2d 248 (Miss. 1980); Sylar v. State, 340 So.2d 10 (Miss. 1976); Jones v. State, supra; Casenote, Criminal Procedure  Entrapment as a Matter of Law, 4 Miss.College L.Rev. 99 (1983). Indeed, in Barnes, supra, we held that entrapment had been established as a matter of law even though the accused did not testify. Manifestly, no inquiry whatever was made as to Barnes' predisposition to commit the crime.
*470 While this Court has acknowledged the general entrapment defense requiring a subjective inquiry into the defendant's state of mind at the time the offense was committed, we have not been receptive to its application.[1] In only two cases has this Court reversed on the basis of the conventional entrapment defense. Neither case dealt with controlled substances or contraband.[2] Out of twenty-nine entrapment cases decided by this Court to date, eight have been reversed. Seven of those eight presented the type of entrapment defense where the State furnished (and most often purchased) the contraband. Kemp, Barnes, Daniels, Epps, Torrence, Sylar and Jones, supra. There have been no contraband cases reported that successfully raised the conventional entrapment defense.
Twelve contraband cases cited above held that the evidence did not even raise a question of fact for the jury on the issue of entrapment. There are five contraband and three non-contraband cases where the issue of entrapment was submitted to the jury as a question of fact. In each case, the jury returned a verdict of guilt and this Court affirmed.[3]
*471 The following entrapment cases deal with the inconsistency of denying commission of the act charged and, at the same time, raising the defense of entrapment. Howard v. State, 507 So.2d 58, 62 n. 1 (Miss. 1987) Daniels v. State, 422 So.2d at 291; Pace v. State, 407 So.2d 530 (Miss. 1981); Williamson v. State, 388 So.2d 168 (Miss. 1980); Landers v. State, 304 So.2d 641 (Miss. 1974); Hamilton v. State, 295 So.2d 739 (Miss. 1974); McCormick v. State, 279 So.2d 596 (Miss. 1973); Hogan v. State, 233 So.2d 786 (Miss. 1970); Accord, Mathews v. United States, ___ U.S. ___, 108 S.Ct. 883, 889, 99 L.Ed.2d 54 (1988) (White, J., dissenting).
If an accused is on trial for a particular crime which he denies committing, for obvious reasons, it is highly prejudicial to inject his other crimes or other criminal behavior to show he is a bad character. Bolin v. State, 489 So.2d 1091 (Miss. 1986); Usry v. State, 498 So.2d 373 (Miss. 1986); Minor v. State, 482 So.2d 1107 (Miss. 1986); Quinn v. State, 479 So.2d 706 (Miss. 1985). Proof of other criminal behavior is strictly limited to cases where such proof has some particular relevance to the issue of guilt of the defendant. See: Lightsey v. State, 493 So.2d 375 (Miss. 1986); Graves v. State, 492 So.2d 562 (Miss. 1986); Trunell v. State, 487 So.2d 820 (Miss. 1986); Gray v. State, 351 So.2d 1342 (Miss. 1977); Pierce v. State, 213 So.2d 769 (Miss. 1968). This common law rule is briefly restated in the Mississippi Rules of Evidence, effective January 1, 1986, patterned after the Federal Rules of Evidence. Miss.R.Evid. 404(b) provides:
(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of notice, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Another permitted purpose for admitting other crimes is the case where the other criminal behavior is so interrelated there cannot be a fair and coherent proof of events without introducing proof of the other crime. Shaw v. State, 513 So.2d 916 (Miss. 1987); Giles v. State, 501 So.2d 406, 408 (Miss. 1987); Miss.R.Evid. 402; McCormick on Evidence § 288 (3rd Ed. 1984) (analogous justification for admissibility of hearsay).
In contrast to the cases where defendant denies the charge against him, it may readily be seen that a defendant who does not deny he committed the crime, but pleads not guilty because he was entrapped into doing so, presents an entirely different issue to the jury. Then the issue is not whether he committed the criminal offense, but whether he was a person who, with no inclination to commit any such offense, was badgered into doing so by persistent entreaties on the part of one or more law enforcement officers. To meet this particular issue raised by the defendant, it is relevant and proper for the State to show criminal behavior on the part of the defendant that tends to show a predisposition to commit the offense for which he is on trial. Hamilton v. State, 295 So.2d 739 (Miss. 1974); Jones v. State, 285 So.2d 152 (Miss. 1973). See also United States v. Ward, 793 F.2d 551 (3rd Cir.1986); United States v. Porter, 764 F.2d 1 (1st Cir.1985); United States v. Parrish, 736 F.2d 152 (5th Cir.1984); United States v. Faymore, 736 F.2d 328 (6th Cir.1984).
Finally, when the defendant pleads entrapment of the type found in Jones, Sylar, et sequitur  an objective entrapment scenario  the question whether or not he was predisposed to commit the crime is irrelevant. Were the State to admit that both the buyer and supplier of the controlled *472 substance were State agents, the defendant would, under the law of this State, be entitled to a directed verdict of not guilty no matter how predisposed he was to trafficking in controlled substances. If such conduct by the State were not admitted, but the fact-finder found that the State not only presented defendant with an opportunity to commit the crime, but also furnished him the contraband with which to commit it, that degree of involvement by the State would preclude conviction. In this type of case, the only issue before the jury is whether the State did or did not furnish the contraband. The defendant's prior disposition to commit the crime is simply irrelevant to this issue. However, evidence of other crimes of the same nature does not necessarily cause prejudice when the defendant has freely admitted and conceded committing the criminal act with which he is charged. As in the conventional entrapment case, there is no question here but that Sayre in fact committed the act charged.
Although Sayre did apprise the court in advance of his entrapment defense, he did not specify how he was entrapped. When he testified he made no effort to show that he was not engaged in drug offenses, or that he only sold to Jackson in this instance at the persistence of law enforcement officers. His sole contention was that the marijuana had been furnished by one Paul Slaughter, following which he made an unsuccessful effort to show Slaughter was a law enforcement officer. Cross-examining him as to his prior criminal behavior was irrelevant to this issue.[4]
Was it such error, however, as to require reversal? I do not believe so in this case, but would urge that in cases in which a defendant intends to plead entrapment, the court be notified as to whether the defendant plans to plead entrapment solely on the basis that the State furnished the contraband. Ervin v. State, supra; Walls v. State, 326 So.2d 322, 328 (Miss. 1976) (Walker, J., specially concurring). Evidence of other criminal behavior offered simply on the basis that it is relevant to the entrapment issue should in such cases be excluded. In this case it clearly did not prejudice Sayre. Because the proof that Sayre committed the offenses was undisputed, and the contention that the State had anything whatever to do with furnishing the contraband is without any foundation in this record,[5] we have no difficulty in concluding *473 proof of his prior dealing in marijuana was harmless. Accordingly, we (now I would) affirm. Pace, 407 So.2d at 532.
(AFFIRMED.)
SULLIVAN, J., joins this dissenting opinion.
NOTES
[1] Trial of this case in the Circuit Court of Jackson County began on July 31, 1985.
[1] Brantley v. State, 107 Miss. 466, 65 So. 512 (1914) (defendant reported to deputy sheriff that X had given him $3 to purchase whiskey from Y; deputy asked defendant to assist in catching Y in the unlawful sale of liquor; defendant's conviction of acting as agent for the purchaser of liquor affirmed); French v. State, 149 Miss. 684, 115 So. 705 (1928) (refusal of instructions on entrapment affirmed where defendant, charged with sale of liquor, asserted inducement by prohibition officer); Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963) (instruction on entrapment given, but jury's verdict finding defendants guilty of robbing cash boxes in pay phone booths was affirmed since, after the State had borne its burden of proving that the defendants committed the act charged, defendants' evidence was not sufficient to establish inducement or to raise a reasonable doubt of guilt); McLendon v. State, 247 Miss. 510, 153 So.2d 711 (1963) (refusal of instruction on entrapment affirmed where only trick, not entrapment, was used to catch one already in the business of selling bootleg whiskey); Reeves v. State, 244 So.2d 5 (Miss. 1971) (though defendant did not deny he committed the act charged, refusal to instruct jury on entrapment affirmed because entrapment defense not available when defendant denies the offense); Smith v. State, 248 So.2d 436 (Miss. 1971) (though instructions presented question of entrapment to jury, the same reasoning that held entrapment was not even a question of fact in Averitt and French applied here where defendant was entreated by undercover agents to help find source of drugs); Alston v. State, 258 So.2d 436 (Miss. 1972) (refusal to submit issue of entrapment to jury affirmed where defendant first sold marijuana at price he paid for it after being asked four times; no factual issue for jury on question of entrapment because sale of contraband is crime against State, not against person or property rights where trespass and, therefore, lack of consent of victim or owner is an element); Fisher v. State, 264 So.2d 832 (Miss. 1972) (on authority of Alston defendant not entitled to have question of entrapment submitted to jury); Boone v. State, 291 So.2d 182 (Miss. 1974) (proof insufficient to submit question of entrapment to jury; had instructions been requested, they should have been refused); Tribbett v. State, 394 So.2d 878 (Miss. 1981) (where defendant was repeatedly pestered to supply marijuana to confidential informant, evidence did not make out a prima facie case of entrapment and refusal to submit question to jury affirmed.); Carroll v. State, 396 So.2d 1033 (Miss. 1981) (where defendant sold drugs to narcotic agents, evidence did not make out a prima facie case of entrapment and instruction on entrapment was properly refused); Ervin v. State, 431 So.2d 130 (Miss. 1983) (denial of entrapment instruction affirmed where evidence did not support entrapment). Of course, we do not know how often juries have been receptive to this defense because no appeal would be taken from an acquittal.
[2] Strait v. State, 77 Miss. 693, 27 So. 617 (1900) (defendant deceived into lending his key to and entering office with decoy hired by owners was entrapped; conviction of burglary reversed); Phillips v. State, 493 So.2d 350 (Miss. 1986) (refusal to allow jury to consider entrapment defense reversed where defendant presented enough evidence to present a question of fact whether a deputy had consented to his own kidnapping).
[3] Laughter v. State, 235 So.2d 468 (Miss. 1970) (peremptory instruction on entrapment properly denied where defendant's active participation superceded the involvement induced by State narcotic agents); Ainsworth v. State, 304 So.2d 656 (Miss. 1974) (entrapment is question of fact for jury; verdict of guilt supported by sufficient evidence); Worthy v. State, 308 So.2d 921 (Miss. 1975) (same); Turner v. State, 415 So.2d 689 (Miss. 1982) (same); Robinson v. State, 508 So.2d 1067 (Miss. 1987) (directed verdict for defendant properly refused because evidence for entrapment was contradicted by prosecution; entrapment was question of fact for jury). Non-contraband: McLemore v. State, 241 Miss. 664, 125 So.2d 86 (1960) (where bribery defendant was merely presented opportunity to execute criminal designs of his own conception, denial of peremptory instruction based on entrapment affirmed); Miller v. State, 234 So.2d 297 (Miss. 1970) (where criminal intent originated with one accused of kidnapping, motion for directed verdict on defense of entrapment was correctly overruled); Pace v. State, 407 So.2d 530 (Miss. 1981) (burglar claiming inducement by X could not prove X was a confidential informant working for the State; mere allegation was insufficient to establish entrapment). See also Howard v. State, 507 So.2d 58 (Miss. 1987); Smith v. State, 248 So.2d 436 (Miss. 1971); Averitt, supra.
[4] The sole issue before the jury was whether or not a State agent furnished Sayre the marijuana he sold to the other, admitted State agent. Clearly, Sayre's past marijuana dealing was completely irrelevant to this issue. This would have been irrelevant before Rule 401 was adopted, and it remained irrelevant after this rule was adopted. Whether Sayre was the biggest dope dealer on the coast or not has nothing whatever to do with whether or not Slaughter was an agent of the State.

The concurring (now majority) opinion takes the view that Sayre's predisposition to selling marijuana was relevant to this issue; we are (now "I am") of the view it was totally irrelevant.
Equally certain, although it might not be quite as clear as the relevancy question, is that Sayre was not harmed by the admission of evidence that he had dealt in marijuana in the past. Why? Sayre never once asserted, claimed or pretended that he was a person with no prior inclination to commit this crime, who had been induced to do so by over-reaching entreaties by the State. Instead, he readily admitted that without pressure or special coaxing, he sold the marijuana to the narcotics officer, but feebly suggested that it was a State agent who furnished him the marijuana.
How then could the introduction of evidence that he had engaged in such conduct prejudice him? The jury already knew from his own lips he was guilty of the offense with which he was charged.
The question before the jury was whether the State was guilty of misconduct.
[5] When entrapment based on the State's furnishing and purchasing the contraband is pleaded, and this is shown without dispute, then the defendant should be acquitted as a matter of law. Epps, Daniels, Sylar, supra. In all cases in which there is a factual dispute over whether this in fact occurred, it is a jury issue.

The defense of entrapment, of course, is an affirmative defense. Howard, Ervin, Epps, Alston, Averitt, supra.
When sufficient proof has been offered by the defendant to make it a jury issue, and the State likewise has offered evidence to the contrary, does the defendant have the burden of proof that he was entrapped, or does the State have the burden of proof that there was no entrapment? Our cases have not clearly answered this question, but indicate the burden is upon the State in such circumstances to prove there was no entrapment. In Alston we held: "Entrapment is an affirmative defense. The defendant must go forward with the proof to establish this defense, and if he does so the State has the burden of proof on that issue." 258 So.2d at 438. See also Pace, 407 So.2d at 532; Ervin, 431 So.2d at 134; Carroll, 396 So.2d at 1036; Averitt, 149 So.2d at 326.
In federal courts, where entrapment is a jury issue, the burden is upon the government to prove beyond a reasonable doubt that the defendant was not entrapped. United States v. Sonntag, 684 F.2d 781, 787 (11th Cir.1982), approves an instruction on a general entrapment defense.
Where entrapment by the State furnishing the contraband is offered as a defense, the circuit judge might consider giving this issue to the jury on an interrogatory. If the jury found in favor of the accused on this interrogatory, a judgment of acquittal would follow.