# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00694-SCT

*CARY WALLS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/1/92 |
| TRIAL JUDGE: | HON. ANDREW CLEVELAND BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 4/11/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/96 |

**EN BANC.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. Cary Walls was convicted for selling crack cocaine and sentenced by the Panola County Circuit Court, Second Judicial District, to fifteen years in prison with seven years suspended, pending good behavior. He was fined $2,000 and ordered to pay $100 lab fee and $100 to the Victims' Compensation Fund. On appeal, Walls raises the following issues:

**A. WHETHER THE TRIAL JUDGE ERRED BY REFUSING TO GIVE WALLS' PROPOSED ENTRAPMENT INSTRUCTION?**

**B. WHETHER THE TRIAL JUDGE ERRED BY ADMITTING EVIDENCE CONCERNING WALLS' PRIOR CRIMINAL ACTIVITY?**

## II. STATEMENT OF THE FACTS

¶2. This case arises from an undercover drug operation conducted by the Panola-Tate Narcotics Task

Force, which focused on the Jones Cafe in Batesville, Mississippi. On the evening of January 28, 1992, Agent Carl Powell went to Jones Cafe with the task force's cooperating individual. The cooperating individual saw Walls' truck and told Agent Powell, "We can get something from this guy, he deals." Powell did not know Walls, but he had "prior information" that Walls had been dealing. The cooperating individual and Powell asked a man named "Bo Bo" if he had cocaine to sell; "Bo Bo" replied that he did not have any, but that Walls did.

¶3. Agent Powell went to Walls' truck and asked what they could get for $60. Agent Powell gave Walls the money and Walls gave Powell four rocks of cocaine. According to Powell, Walls was neither tricked nor forced to sell the cocaine. Agent Powell also testified that two men were in the truck with Walls.

¶4. Cary Walls testified that he and Walley Crump and James "Bo Bo" Williams were sitting in his truck drinking beer and smoking crack cocaine. According to Walls, Crump had brought cocaine to Walls' truck and placed it on the seat. Walls testified that, when Powell came to the truck and asked about buying cocaine, he told Powell that he did not have any. According to Walls, Crump then told him to pass the cocaine on the seat over to Powell.

¶5. Walls admitted selling the cocaine and stated that he was not forced or tricked into selling the cocaine that was in his truck. Later, however, Walls testified that he was tricked by Crump because Crump asked him to sell the drugs. He also testified that he was tricked by Agent Powell because he "sent this other guy up to me and ask me did I have it." In addition, Walls testified that, prior to this occasion, he had not sold cocaine, and that he would smoke any cocaine that he received.

¶6. It is undisputed that Walls did not approach Agent Powell or the cooperating individual. According to the Panola County Sheriff, who was working surveillance during the transaction, Walls "probably wouldn't" have sold the drugs if he had not been approached by Powell and the cooperating individual. The cooperating individual testified that Walls would not have sold them the drugs if they had not gone to his truck. Agent Powell was asked whether Walls would have sold him the crack or would have sought the sale, to which Powell replied, "None of them do." Powell also testified that he probably would not have approached Walls if "Bo Bo" had not said that Walls had cocaine to sell. Furthermore, Walls testified that he would not have sold the cocaine if Powell had not come up to the truck.

## III. LEGAL ANALYSIS

## A. WHETHER THE TRIAL JUDGE ERRED BY REFUSING TO GIVE WALLS' PROPOSED ENTRAPMENT INSTRUCTION?

¶**7.** Prior to trial, Walls gave notice of his intent to present an entrapment defense. After hearing all the evidence, the trial judge refused to give the jury Walls' proposed entrapment instruction and ruled that there was "no evidentiary basis to support the instruction." On appeal, Walls argues that he had made a prima facie case for a jury instruction on the entrapment defense.

¶8. Mississippi's law on entrapment is well-settled:

> Entrapment has been defined as "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." The defense of entrapment is affirmative and must be proved by the defendant. If the defendant already possesses the criminal intent, and the request or inducement merely gave the defendant the opportunity to commit

what he or she was already predisposed to do, entrapment is not a defense.

\* \* \*

Before a defendant can raise the defense of entrapment, he or she is required to show evidence of government inducement to commit the criminal act and a lack of predisposition to engage in the criminal act prior to contact with government agents.

*Hopson v. State*, 625 So. 2d 395, 399-400 (Miss. 1993) (citations omitted)[1]. Predisposition and state inducement are essentially questions of fact. An entrapment defense will generally present matters to be submitted to the jury on proper instructions. *Moore v. State*, 534 So. 2d 557, 559 (Miss. 1988).

Once the defendant makes out a prima facie case that he was entrapped, three consequences follow: First, the burden of production and proof shifts to the prosecution. Second, predisposition becomes a fact of consequence and evidence thereof becomes relevant and, hence, always admissible. Third, the accused becomes entitled to have the defense of entrapment submitted to the jury on proper instructions.

*Tanner v. State*, 566 So. 2d 1246, 1248 (Miss. 1990) (citations omitted).

¶9. The standard of review in these cases is as follows:

[W]hether an issue should be submitted to the jury is determined by whether there is evidence which, if believed by the jury, could result in resolution of the issue in favor of the party requesting the instruction. Conversely, only where the evidence is so one-sided that no reasonable juror could find for the requesting party on the issue at hand may the trial court deny an instruction on a material issue.

\* \* \*

[W]hether the entrapment defense should be submitted to the jury depends upon whether there is credible evidence in the record supporting such a defense.

\* \* \*

Our question then is whether there was sufficient evidence in the record that a rational jury might have found for [the appellant] on the entrapment issue.

*Avery v. State*, 548 So. 2d 385, 387 (Miss. 1989) (quoting *King v. State*, 530 So. 2d 1356, 1359-60 (Miss. 1988)).

¶10. This Court has held that an entrapment instruction is not necessary where a defendant was merely "asked to sell the substance and he was caught." *Ervin v. State*, 431 So. 2d 130, 134 (Miss. 1983). In the case at hand, as in *Ervin*, the appellant "was asked to sell the substance and he was caught. No one coerced or otherwise forced him to . . . deliver the substance to [the State agent]." *Id.* at 134. Therefore, this Court holds that the record failed to support a prima facie case of entrapment and that the trial court did not err in refusing to submit the issue to the jury. *See Id.*

## B. WHETHER THE TRIAL JUDGE ERRED BY ADMITTING EVIDENCE CONCERNING WALLS' PRIOR CRIMINAL ACTIVITY?

¶11. On cross-examination, Agent Powell was asked the following:

Q. Okay. So you know from personal experience that Mr. Walls is a personal user of crack cocaine?

A. I had prior information that he had been dealing.

Q. And you personally saw him smoke it, did you not, Mr. Powell?

A. I saw him and two other guys, which those two guys that was with him was the ones that didn't have nothing to sell. The was just smoking it. Normally, if you get a dealer with other guys smoking, he smokes too. He'll smoke with them. The more he smokes, the more they'll buy.

Q. All right. So in your opinion, Mr. Walls is a smoker of crack cocaine?

A. He's a smoker and a dealer.

Q. Okay. Why do you say he's a dealer?

A. Because he sold me crack cocaine.

Q. To you?

A. And I had prior information that he was dealing.

MR. WALKER: Your Honor, I object to that last comment and move for a mistrial. It was not responsive to the question.

MR. KELLY: It was, Your Honor. Counsel was trying to get the witness to say that the defendant was only a user, and that's not true. The witness had to respond accurately.

THE COURT: I don't think it's objectionable. I think that's proper. I will overrule the objection.

BY MR. WALKER:

Q. But you had not made a case on Mr. Walls prior to this case, had you, Mr. Powell?

A. No, sir.

Q. And you had some kind of hearsay information about Mr. Walls being a seller or something?

A. I had prior information that he had been dealing crack cocaine.

Q. Hearsay, right? Other people telling you?

A. Well, I've got to go on something.

Q. So you admit it's hearsay?

A. Well, if you come to me and tell me something, give me some information or call me and give me

information, I would check it out. By me running surveillance in that parking lot, I can see a lot of things.

¶12. Defense counsel now objects to testimony which he solicited by his own questions. Agent Powell testified that he had "prior information" that Walls was a drug dealer. Walls argues that, because the trial judge refused to grant the entrapment instruction, the evidence of predisposition was inadmissible under Mississippi Rule of Evidence 404(b).[(2)] This argument is without merit. This Court has held that "[i]t is not the ultimate outcome of whether or not a defendant is able to successfully establish a prima facie case of entrapment, but rather the raising of such a defense that opens the door for the prosecution to introduce evidence of predisposition." *Hopson*, 625 So. 2d at 402 (citing *Sayre v. State*, 533 So. 2d 464, 466-67 (Miss. 1988); *see also Smith v. State,* 656 So. 2d 95, 99 (Miss. 1995) ("We have previously held that evidence of prior drug transactions is admissible to show predisposition when a defendant raises the defense of entrapment.").

¶13. Walls did not make out a prima facie case for entrapment and, therefore, the trial judge properly refused to give an entrapment instruction. However, because Walls raised an entrapment defense, Agent Powell's testimony that he had prior information that Walls sold drugs was admissible to show predisposition -- regardless of whether Walls was ultimately given an entrapment instruction. Additionally, defense counsel cannot now complain of the alleged "predisposition evidence" which he solicited from the agent on cross-examinations. *Fleming v. State*, 604 So. 2d 280, 289 (Miss. 1992) ("It is axiomatic that a defendant cannot complain on appeal concerning evidence that he himself brought out at trial."). Therefore, Wall's appeal lacks merit and the judgment of the trial court is affirmed.

¶14. **CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST SEVEN YEARS SUSPENDED, WITH CONDITIONS, PAY A FINE OF $2,000.00, ALL FEES AND COURT COSTS AFFIRMED.**

**LEE, C.J., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND MILLS, J.**

       **McRAE, JUSTICE, DISSENTING**:

¶15. I must dissent where the majority permits the prosecution to introduce evidence of predisposition at the same time it denies the defense an entrapment instruction. The proposition in *Hopson v. State*, 625 So. 2d 395 (Miss. 1993) that evidence of predisposition is admissible by the prosecution even if the defendant fails to establish a prima facie case of entrapment is an erroneous statement of the law. In its conclusion, *Hopson* relied on the authority of *Sayre v. State*, 533 So. 2d 464, 466-67 (Miss. 1988), which in no conceivable way stands for the view that the prosecution may introduce evidence of predisposition where the defendant is denied a jury instruction for entrapment. *Hopson*, 625 So. 2d at 402. In *Sayre*, "the case went to the jury with entrapment instructions that required consideration of Sayre's predisposition and state of mind." 533 So. 2d at 466. In other words, predisposition evidence by the prosecution was admitted **in conjunction** with a jury instruction on entrapment. *Id*. *Sayre* simply did not hold that predisposition

evidence was admissible even where the defendant is denied an entrapment instruction. It held that predisposition evidence was admissible even though the jury ultimately failed to believe his entrapment defense. *Id*. Nor does *Smith v. State*, 656 So. 2d 95, 99 (Miss. 1995) support the majority's position as that case concerned the admissibility of prior criminal acts to establish intent to distribute.

¶16. A defendant should be entitled to a jury instruction on entrapment where the prosecution is given unfettered authority to introduce evidence of prior criminal acts. The introduction of predisposition evidence by the prosecution is a consequence only allowed "once the defendant makes out a prima facie case that he was entrapped." *Tanner v. State*, 566 So. 2d 1246, 1248 (Miss. 1990); *Ervin v. State*, 431 So. 2d 130, 133-34 (Miss. 1983); *Tribbett v. State*, 394 So. 2d 878, 881 (Miss. 1981). Once a prima facie case is established, then entrapment becomes an issue for the jury. *Hopson v. State*, 625 So. 2d at 406 (Banks, J., dissenting) (citing *Moore v. State*, 534 So. 2d 557 (Miss. 1988)). It logically follows that predisposition evidence by the prosecution is admissible only when the evidence is sufficient to warrant a jury instruction on entrapment. Furthermore, a jury instruction should not be denied where there is an evidentiary basis for its introduction, even though its final applicability may be doubtful. *Welch v. State*, 566 So. 2d 680, 684 (Miss. 1990).

¶17. It is highly prejudicial to allow evidence of other criminal behavior to establish a defendant's bad character when the defendant has denied committing the crime for which he is currently being tried. *Sayre*, 533 So. 2d at 471 (Hawkins, J., dissenting). The introduction of prior criminal behavior has an even greater prejudicial effect where the jury is not provided the entrapment instruction because without the entrapment instruction, the prior criminal behavior no longer has **any** probative value. Thus, predisposition evidence can not pass the M.R.E. 403 filter when the trial judge denies the defendant his requested entrapment instruction.

¶18. The majority's resolution of the two issues in this appeal are inconsistent. If the evidence is insufficient to warrant a jury instruction on the issue of entrapment, then the prosecution should not be permitted to introduce evidence of predisposition. The introduction of predisposition evidence has no probative value where the defense is denied an instruction on entrapment. The introduction of predisposition evidence is allowed only where evidence of entrapment is sufficient for jury resolution. *Tanner*, 566 So. 2d at 1248. This case should be reversed and remanded for a new trial. Accordingly, I dissent.

**SULLIVAN, P.J., AND MILLS, J., JOIN THIS OPINION.**

1. Mississippi used to require the defendant to admit to the crime for which he was charged before he could raise an entrapment defense. However, a defendant can now deny any or all of the elements of the offense and still raise an entrapment defense. *Hopson*, 625 So. 2d at 400 (following *Mathews v. U.S.*, 485 U.S. 58 (1988)).

2. M.R.E. 404 (b) provides that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."